1

2  R. BRIAN DIXON, Bar No. 076247                    f
   bdixon@littler.com
3  LITTLER MENDELSON, P.C.
   333 Bush Street, 34th Floor
4  San Francisco, CA  94104
   Telephone: 415.433.1940
5  Facsimile:  415.399.8490

6  DOUGLAS A. WICKHAM, Bar No. 127268
   dwickham@littler.com
7  RADHA D.S. KULKARNI, Bar No. 293996
   rkulkarni@littler.com
8  LITTLER MENDELSON, P.C.
   633 West 5th Street, 63rd Floor
9  Los Angeles, CA  90071
   Telephone: 213.443.4300
10 Facsimile:  213.443.4299

11
   Attorneys for Defendant
12 BMC WEST, LLC (ERRONEOUSLY
   SUED AS BMC WEST CORPORATION
13 AND BMC-BUILDING MATERIALS &
   CONSTRUCTION SERVICES)
14

15              UNITED STATES DISTRICT COURT

16            CENTRAL DISTRICT OF CALIFORNIA

17 SERGIO GALICIA GONZALEZ, an          Case No.  5:17-CV-390
   individual, appearing on behalf of
18 himself and all others similarly
   situated,
19                                       **DEFENDANT BMC WEST, LLC'S**
                 Plaintiff,              **NOTICE TO FEDERAL COURT OF**
20                                       **REMOVAL OF CIVIL ACTION**
            v.                           **FROM STATE COURT PURSUANT**
21                                       **TO 28 U.S.C. §§ 1332, 1441, AND 1446**
   BMC WEST CORPORATION, a
22 Delaware corporation; BMC WEST,
   LLC, a Delaware limited liability
23 company; BMC-BUILDING             Complaint Filed:  **January 20, 2017**
   MATERIALS & CONSTRUCTION
24 SERVICES, an unknown
   association; and DOES 1-25,
25
                 Defendants.
26

27

28

TO THE CLERK OF THE COURT OF THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant BMC West, LLC (erroneously sued as BMC West Corporation and BMC-Building Materials & Construction Services) ("Defendant") hereby removes the above-captioned action to the United States District Court for the Central District of California, based on the following facts:

## I.

## <u>JURISDICTION</u>

1.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. sections 1441(b) and 1446.  This Notice is based upon the original jurisdiction of the United States District Court over the parties under 28 U.S.C. § 1332 based upon the existence of diversity of citizenship.

2.     As set forth below, this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States District Courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a State different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. §1332(d)(2).

3.     This removal is timely and this case is properly removed by the filing of this Notice.

## II.

## <u>VENUE</u>

4.     The action was filed in Riverside Superior Court.  Venue properly lies in the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. sections 84(c), 1391(a), and 1441(a). Plaintiff Sergio Galicia Gonzalez ("Plaintiff") is and was a resident of California.  *See* Class Action Complaint ("Complaint") at ¶ 1. Also, Plaintiff alleges that the liability giving rise to

1   his claims against Defendant arose in the County of Riverside and many of the

2   transactions that are the subject matter of the Complaint occurred in this same county.

3   *See* Complaint at ¶ 7; 28 U.S.C. §1391(a)-(b).

### III.

### PROCEDURAL HISTORY

5.      On January 20, 2017, Plaintiff filed a Complaint in the Superior Court of California, County of Riverside.  The Complaint alleges seven causes of action for: (1) violation of Labor Code §§ 226.7(b) and 512(a) (Failure to Provide Legally-Compliant Meal Breaks); (2) violation of Labor Code § 226.7(b) (Failure to Provide Legally-Compliant Rest Breaks); (3) violation of Labor Code § 204 (Failure to Pay Wages for All Hours Worked); (4) violation of Labor Code § 510 (Failure to Pay Overtime Wages); (5) violation of Labor Code § 226(a) (Failure to Furnish Legally-Compliant Wage Statements); (6) violation of Labor Code §§ 201-203 (Failure to Pay Final Wages on Timely Basis after Discharge); and (7) violation of Business & Professions Code §§ 17200 *et seq.*   A true and correct copy of the Class Action Complaint is attached to this Notice of Removal as Exhibit A.

6.      Defendant was personally served with copies of the Summons and Complaint on January 31, 2017.  Copies of the Proof of Service of Summons dated January 31, 2017 are attached as Exhibits B-D to this Notice of Removal.[1]

7.      On or about January 20, 2017, the instant case was designated as complex and assigned to the Honorable Judge Sharon J. Waters of Department 10 in the Riverside County Superior Court.  Further, a Case Management Conference was set for March 21, 2017 in Department 10.  A true and correct copy of the Notice of

---

[1] Defendant BMC West, LLC was additionally served via certified mail on January 27, 2017. However, pursuant to Cal. Civ. Proc. Code § 415.40, service was deemed complete on February 6, 2017 (e.g., ten days after its mailing), as Defendant is outside of the State of California.  Cal. Civ. Proc. Code § 415.40.  A true and correct copy of the Proof of Service of Summons dated January 31, 2017 is attached as Exhibit B to this Notice of Removal.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

Assignment to Department and Case Management Conference is attached as Exhibit E.

8.    On February 28, 2017, Defendant filed an Answer to Plaintiff's Complaint, generally denying Plaintiff's allegations and asserting various defenses.  A true and correct copy of Defendant's Answer is attached as Exhibit F.

9.    Plaintiff has not amended his Complaint to name Doe defendants 1 through 100, nor has he filed or served any documents identifying the Doe defendants or giving notice that the Doe defendants have been served.

10.   Since the Doe defendants have not yet been served, they are not required to join or consent to Defendant's Notice of Removal.  *Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1426, 1429 (9th Cir. 1984) (named defendants not yet served in state court action need not join the Notice of Removal).

11.   There are three named Defendants, Defendant BMC West, LLC, which files this instant Notice, and Defendants BMC West Corporation and BMC-Building Materials & Construction Services.  *See* Complaint.  However, Defendant BMC West Corporation did not exist at the time this lawsuit was filed nor does it currently exist; rather, BMC West Corporation was converted to a limited liability company in 2016 and became BMC West, LLC.  *See* Declaration of Michael A. Farmer In Support of Defendant's Notice To Federal Court of Removal of Civil Action From State Court Pursuant To 28 U.S.C. §§ 1332, 1441, and 1446 ("Farmer Decl.") ¶ 10.  Moreover, "BMC-Building Materials & Construction Services" is not a legal entity; rather, "BMC" is a trade name or casual reference to the company and "Building materials & Construction Services" is a tag line on a form of the company's logo.  *Id.* at ¶ 12.

12.   To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Riverside County Superior Court.

13.   A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Riverside, and served upon all parties, as required by 28 U.S.C. § 1446(d).

## IV.

## DIVERSITY JURISDICTION PURSUANT TO CAFA

14.    CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2)(A).

15.    This Court has jurisdiction over this case under CAFA, and this case may be removed pursuant to 28 U.S.C. section 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendant is not a State, State official or other governmental entity; (3) there is diversity between at least one class member and the named Defendant; and (4) the total amount in controversy for all class members exceeds $5 million.

### A.    The Putative Class Contains More Than 100 Members.

16.    CAFA does not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. section 1332(d)(5)(B). This requirement is easily met in the case at bar.

17.    Plaintiff seeks to represent a class that includes all persons employed in California by Defendant as "all current and former employees of Defendants who were employed as non-exempt employees at any of Defendants' locations anywhere in California, at any time from four years prior to the initiation of this action until the date of certification." Complaint at ¶ 10.

18.    Defendant BMC West LLC has available data runs from January 20, 2013 through June 30, 2016. During the period January 20, 2013 through June 30, 2016, Defendant BMC West LLC employed approximately 6,613 non-exempt employees in California who potentially fall within Plaintiff's purported class. *See* Farmer Decl. ¶ 8. During the period January 20, 2013 through June 30, 2016, Defendant BMC West, LLC employed approximately 1,591 non-exempt employees

who were current employees as of June 30, 2016 in California who potentially fall within Plaintiff's purported class and approximately 5,022 former non-exempt employees who were employed in California during the period January 20, 2013 through June 30, 2016 who also potentially fall within Plaintiff's purported class.  *Id.* Of the 5,022 former non-exempt employees who were employed in California during the period January 20, 2013 through June 30, 2016, approximately 3,646 were terminated between January 20, 2014 through June 30, 2016.  *Id.*

## B.   Defendant is Not a Governmental Entity.

19.   CAFA also does not apply to class actions where the "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."  28 U.S.C. section 1332(d)(5)(B).

20.   Defendant BMC West LLC is a limited liability company, organized in the State of Delaware.  *See* Farmer Decl. ¶ 2.  It is not a State, State official or other government entity exempt from the CAFA.  *See* Farmer Decl. ¶ 9.   Likewise, Defendant BMC West, LLC's sole member, BMC Stock Holdings, Inc. ("BSHI"), is incorporated in the State of Delaware and it is not a State, State official or other government entity exempt from the CAFA. *See* Farmer Decl. ¶¶ 2, 9.

21.   When it last existed in 2016, BMC West Corporation was a Delaware corporation with its principal place of business in the State of Idaho and it was not a State, State official or other government entity exempt from the CAFA.  *See* Farmer Decl. ¶ 10.

## C.   There Is Diversity Between At Least One Class Member And Defendant.

22.   Under 28 U.S.C. section 1332(d)(5), diversity is shown for purposes of a removal where "any member of a class of plaintiffs is a citizen of a State different from any defendant."

23.   At the time Plaintiff commenced this action and at the time of removal, Plaintiff was a resident of the State of California.  Complaint at ¶ 1. *See Lew v. Moss,*

797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court Complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court Complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).

24.     Conversely, Defendant BMC West, LLC is not a citizen of California. For diversity purposes, a limited liability company is a citizen of every state in which its members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

25.     BMC West, LLC is a limited liability company organized under the laws of the State of Delaware.  *See* Farmer Decl. ¶ 2.  BMC West, LLC's principal place of business is Atlanta, Georgia and BMC West LLC's business, executive, and administrative operations are generally managed from its headquarters in Georgia (although its only two corporate managers are located in North Carolina and Idaho). *Id.* at ¶¶ 4, 5.  *See Hertz Corp. v.* Friend, 559 U.S. 77, 80-81, 92-93, 96 ("principal place of business" means the corporation's "nerve center," or place where a corporation's board and high level officers direct, control and coordinate its activities).

26.     BMC West, LLC is a wholly-owned subsidiary of BMC Stock Holdings, Inc., which is incorporated in the State of Delaware and its principle place of business/"nerve center" is located in Atlanta, Georgia.  *See* Farmer Decl. ¶¶ 2, 4-7.  A corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Thus, Defendant BMC West LLC and its sole member, BMC Stock Holdings, Inc., are citizens of Delaware and Georgia, and <u>not</u> California.  *Id.* at ¶¶ 2, 4-7.

27.     Defendants Does 1 through 100 are fictitious.  The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants.  Pursuant to Section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

28.     Accordingly, because the named Plaintiff is a citizen of a State different from Defendant, diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

**D.     The Total Amount In Controversy Exceeds $5,000,000.00.**

**1.     Applicable Standard**

29.     This Court has jurisdiction under the CAFA, which authorizes the removal of a class action in which, in addition to the other factors mentioned above, the amount in controversy for all class members exceeds $5 million.  28 U.S.C. § 1332(d).

30.     Defendant denies the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, the claims for monetary and other relief that flow from them, and the allegations regarding the appropriateness of class action status.  While an analysis of the merits and defenses to the claims asserted by a plaintiff in his complaint is technically irrelevant to a determination of the amount in controversy, the unfair charges that Defendant is now forced to defend itself against illustrates that the case before the Court represents precisely the sort of abuse of the class action mechanism that CAFA was enacted to address.

31.     Congress enacted CAFA based on its findings that "[o]ver the past decade, there have been abuses of the class action device that have ... harmed ... defendants that have acted responsibly... [and] undermined public respect for our judicial system." Class Action Fairness Act of 2005, S.5, 109d Cong., 1st Sess.

(2005). Senate Bill S.5 also finds that, "Abuses in class actions undermine the national judicial system, the free flow of interstate commerce, and the concept of diversity jurisdiction as intended by the framers of the United States Constitution, in that State and local courts are – (A) keeping cases of national importance out of Federal court; (B) sometimes acting in ways that demonstrate bias against out-of-State defendants; and (C) making judgments and impose their view of the law on other States and bind the rights of the residents of those States." *Id.*

32.     The policy concerns that compelled Congress to enact CAFA resound in this case.  This case is a textbook abuse of the class action mechanism.  Utilizing a pleading strategy that has become distressingly common in California, Plaintiff's counsel has combined California's heavy-handed labor code penalty provisions with the class action mechanism to create a perfect storm of baseless litigation.

33.     This litigation threatens to deal Defendant a crushing economic blow. Defendant has implemented lawful employment practices which have been fairly administered. This case threatens a "responsible" defendant in a manner that impacts interstate commerce and violates Defendant's due process rights.  CAFA was enacted to give defendants a federal forum to combat these sorts of abuses.

34.     As stated previously, Defendant denies that it has implemented unlawful policies and practices.  However, for purposes of removal only, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties, it is readily apparent that the aggregated claims of the putative class establish an amount "in controversy" well in excess of the jurisdictional minimum of $5,000,000.

35.     Plaintiff does not make any factual allegations regarding the anticipated size of the putative class, nor does he commit to an estimated amount in controversy for each class member.  Nor does Plaintiff allege that he is seeking less than $5 million in damages/restitution, nor does he voluntarily limit his recovery to an amount less than $5 million.

36.     Defendant can establish the amount in controversy by the allegations in

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

the Complaint or by setting forth facts in the Notice of Removal that demonstrate that the amount in controversy exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005) ("[T]he requirement under CAFA that the amount in controversy exceed $ 5,000,000 in the aggregate may be established either from the viewpoint of the plaintiff or the viewpoint of the defendant."). Thus, in addition to the contents of the removal petition, the Court properly considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations, in assessing the amount in controversy. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

37.    In measuring the amount in controversy, a court must assume that the allegations of the Complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's Complaint, not what a defendant will actually owe. *Rippee*, 408 F. Supp. 2d at 986; *see also Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's Complaint).

38.    The amount in controversy in this case is comprised of the potential monetary recovery for Plaintiff's seven non-equitable causes of action together with his claim for statutory attorneys' fees. *See Lowdermilk v. U.S. Bank Nat'l Ass'n,* 479 F.3d 994, 1000 (9th. Cir. 2007) ("Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.'") (*citing Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).). As set forth below and in the accompanying declarations, Plaintiff's claims unquestionably exceed the $5 million jurisdictional

1   threshold.

2           2.    <u>Facts Used To Calculate Amount In Controversy</u>

3         39.    BMC West, LLC, Plaintiff's former employer, maintains employment

4   records that, among other things, track the hire date and termination dates for all of its

5   employees.   Available records run from January 20, 2013 through June 30, 2016

6   (which is a subset of the purported class period alleged in the Complaint).   These

7   records include the present and former non-exempt employees of Defendant.

8   Defendant employed approximately 6,613 non-exempt employees in California during

9   the period January 20, 2013 through June 30, 2016 who potentially fall within

10  Plaintiff's purported class.   *See* Farmer Decl. ¶ 8.   Of those 6,613 non-exempt

11  employees, approximately 5,022 were terminated between January 20, 2013 and June

12  30, 2016, and 3,646 were terminated between January 20, 2014 and June 30, 2016.

13  All such former non-exempt employees terminated between January 20, 2014 and

14  June 30, 2016 earned on average $11.78 per hour or higher.   *See* Declaration of

15  Douglas A. Wickham In Support Of Defendant's Notice To Federal Court Of

16  Removal Of Civil Action From State Court Pursuant To 28 U.S.C. §§ 1332, 1441, and

17  1446 ("Wickham Decl.") ¶ 3.

18          3.    <u>The Amount Placed In Controversy Exceeds The Jurisdictional</u>

19              <u>Minimum Under CAFA</u>

20        40.    Among other things, Plaintiff asserts a claim for Labor Code section 203

21  penalties based upon Defendant's alleged failure to pay all wages due upon

22  termination.   Complaint ¶¶ 38-42.   Assuming, for purposes this Notice, that

23  Plaintiff's claims are true, which Defendant denies, and assuming that BMC West,

24  LLC had approximately 3,646  former non-exempt employees employed in California

25  during the period January 20, 2014 and June 30, 2016, using the employees' average

26  rate of pay of $11.78 per hour and higher, the potential penalties recoverable under

27  Labor Code section 203 are approximately $10,307,971.20.   Wickham Decl. ¶ 3.

28        41.    Plaintiff also asserts a penalty claim under Labor Code section 226,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

10.

which provides for penalties up to $4,000 per employee for actual injuries related to non-compliant earnings statements. *See* Complaint ¶¶ 33-37. Assuming, for purposes of this Notice, that Plaintiff's claims are true, which Defendant denies, with over 1514 current non-exempt employees, employed in California between January 20, 2016 and the June 30, 2016, if Plaintiff and the putative class succeed on this claim, the estimated penalties for this claim alone are $1,805,400 for those non-exempt employees (and even more if you include all former non-exempt employees). Wickham Decl. ¶ 4.

42.   Plaintiff asserts a claim for missed meal periods and failure to pay premium wages for missed meal periods in an unspecified amount. Complaint, ¶¶ 16-20. Assuming, for purposes of this Notice, that Plaintiff's claims are true, which Defendant denies, and extrapolating those assertions for the period January 20, 2013 through June 30, 2016, Plaintiff's missed meal period claim could equal as much as $8,450,113. Wickham Decl. ¶ 5.

43.   Plaintiff asserts a claim for missed rest periods and failure to pay premium wages for missed rest periods in an unspecified amount. Complaint, ¶¶ 21-25. Assuming, for purposes of this Notice, that Plaintiff's claims are true, which Defendant denies, and extrapolating those assertions for the period January 20, 2013 through June 30, 2016, Plaintiff's missed rest period claim could equal as much as $8,450,113. Wickham Decl. ¶ 6.

44.   Finally, Plaintiff brings a claim for alleged unpaid wages and overtime in an unspecified amount. Specifically, Plaintiff asserts that Defendant failed to pay Plaintiff and the rest of the Class wages for all regular hours worked because Defendant "adopted a uniform policy or practice of improperly "shaving" or altering the work hours or time recorded for Plaintiff and other Class members." Complaint ¶ 28. Plaintiff further alleges that "Defendant[] [has] a policy or practice of deducting time from employee wages whenever employees clocked out for "short" meal periods or were not clocked out for the full time period allegedly allowed for the meal

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

11.

periods" and failed to include in the calculation of the regular rate of pay for overtime calculation all taxable benefits or earnings, resulting in underpaid overtime wages owed to Plaintiff and other Class members. Complaint ¶ 32.  Assuming, for purposes of this Notice, that Plaintiff's claims are true, which Defendant denies, and extrapolating those assertions for the period January 20, 2013 through June 30, 2016, and assuming 10 minutes of unpaid time per week, Plaintiff's unpaid wage and overtime claims could equal as much as $456,224. Wickham Decl. ¶ 7.

45.     Adding up the potential recovery on the two penalty claims and Plaintiff's claims for missed meal and rest breaks, unpaid overtime and unpaid wage theory, Defendant abundantly satisfies its burden of demonstrating that more than $5,000,000 is at issue in this case.  Wickham Decl. ¶ 8.  As a result, this case satisfies all the requirements of removal to federal court under the CAFA.

## TIMELINESS OF REMOVAL

46.     This Notice of Removal is timely.  Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within 30 days after service of the summons and complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999) (the 30 day removal period runs from the service of the summons and complaint; receipt of summons and complaint is insufficient to trigger removal period).

47.     Plaintiff filed his Complaint in Riverside Superior Court on January 20 2017.  *See* Exhibit A (Complaint).  The Complaint was personally served on Defendant on January 31, 2017.  As such, because this matter is being removed within 30 days of service of the Complaint, this Notice of Removal is timely as a matter of law.  *Murphy Bros., Inc*., 526 U.S. at 354.

## NOTICE TO PLAINTIFF AND STATE COURT

48.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record, Gregg

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

12.

1    A. Farley of the Law Offices of Gregg A. Farley and Sahag Majarian II of the Law

2    Offices of Sahag Majarian, and a copy of the Notice of Removal will be filed with the

3    Clerk of the Riverside County Superior Court.

4    Dated:  March 1, 2017

5                                                    /S/ Douglas A. Wickham
                                                     R. BRIAN DIXON
6                                                    DOUGLAS A. WICKHAM
                                                     RADHA D.S. KULKARNI
7                                                    LITTLER MENDELSON, P.C.
                                                     Attorneys for Defendant
8                                                    BMC WEST, LLC (ERRONEOUSLY
                                                     SUED AS BMC WEST
9                                                    CORPORATION AND BMC-
                                                     BUILDING MATERIALS &
10                                                   CONSTRUCTION SERVICES)

11

12

13   Firmwide:145793479.10 064930.1000

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

13.