# EXHIBIT "A"

1 | Gregg A. Farley (State Bar No. 115593)
LAW OFFICES OF GREGG A. FARLEY
2 | 880 Apollo Street, Suite 222
El Segundo, California 90245
3 | Telephone: (310) 445-4024
4 | Facsimile: (310) 445-4109

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

**JAN 20 2017**

M. Criel

5 | Sahag Majarian II (State Bar No. 146621)
LAW OFFICES OF SAHAG MAJARIAN
6 | 18250 Ventura Blvd.
Tarzana, California 91356
7 | Telephone: (818) 609-0807
8 | Facsimile: (818) 609-0892

9 | Attorneys for Plaintiff Sergio Galicia Gonzalez, appearing on behalf of himself and all
10 | others similarly situated

11 | **SUPERIOR COURT OF CALIFORNIA**

12 | **FOR THE COUNTY OF RIVERSIDE**

13 | SERGIO GALICIA GONZALEZ, an )    Case No.: RIC1701225
individual, appearing on behalf of )
14 | himself and all others similarly )
situated, )
15 | ) **CLASS ACTION COMPLAINT FOR:**
) 1. **Violation of Labor Code §§ 226.7(b) and**
16 | Plaintiff, )    **512(a) (Failure to Provide Legally-**
)    **Complaint Meal Breaks)**
17 | vs. ) 2. **Violation of Labor Code § 226.7(b)**
)    **(Failure to Provide Legally-Compliant**
18 | )    **Rest Breaks)**
BMC WEST CORPORATION, a ) 3. **Violation of Labor Code § 204 (Failure to**
19 | Delaware corporation; BMC WEST, )    **Pay Wages for All Hours Worked)**
LLC, a Delaware limited liability ) 4. **Violation of Labor Code § 510 (Failure to**
20 | company; BMC-BUILDING )    **Pay Overtime Wages)**
MATERIALS & CONSTRUCTION ) 5. **Violation of Labor Code § 226(a)**
21 | SERVICES, an unknown association; )    **(Failure to Furnish Legally-Compliant**
and DOES 1-25, )    **Wage Statements)**
22 | ) 6. **Violation of Labor Code §§ 201-203**
Defendants. )    **(Failure to Pay Final Wages on Timely**
23 | )    **Basis after Discharge)**
) 7. **Violation of Business & Professions Code**
24 | )    **§§ 17200 *et seq.***
)
25 | )
)
26 | ) **Jury Trial Demanded**
)
27 |

28 |

CLASS ACTION COMPLAINT - 1

Plaintiff Sergio Galicia Gonzalez ("Plaintiff") brings this action on behalf of himself and all others similarly situated.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Sergio Galicia Gonzalez ("Plaintiff" or "Gonzalez") is an individual and resident of Riverside, California. He is a former non-exempt employee of Defendants who worked at Defendants' manufacturing and distribution facility at 45491 Golf Center Parkway, Indio, California 92203.

2. Plaintiff is informed and believes and, on that basis, alleges that Defendant BMC West Corporation ("Defendant" or "Defendant BMC West Corp.") is or was a Delaware corporation with its principal place of business located at 720 Park Blvd., #200 or #115, Boise, Idaho 83712. Defendant BMC West Corp. is the name of the legal entity that appears as the employer in the wage statements furnished to Plaintiff and other Class members. However, Plaintiff is informed and believes and, on that basis, alleges that Defendant BMC West Corp. is no longer registered to do business in the State of California and that one or more of the other Defendants are successors in interest to Defendant BMC West Corp. and acted as the employer or employers of Plaintiff and the rest of the Class. At all times relevant hereto, Defendant BMC West Corp. has done, or did, business in this County and has had minimum contacts with this State.

3. Plaintiff is informed and believes and, on that basis, alleges that Defendant BMC West, LLC ("Defendant" or "Defendant BMC West, LLC") is a Delaware limited liability company with its principal place of business located at 720 Park Blvd., #115, Boise, Idaho 83712. Plaintiff is informed and believes and, on that basis, alleges that Defendant BMC West, LLC is the successor, or one of the successors, in interest to Defendant BMC West Corp. and acted as an employer of Plaintiff and the rest of the Class. At all times relevant

hereto, Defendant BMC West, LLC has done business in this County and has minimum contacts with this State.

4. Plaintiff is informed and believes and, on that basis, alleges that Defendant BMC-Building Materials & Construction Services ("Defendant" or "Defendant BMCS") is an unknown association with its principal place of business located in Boise, Idaho or Atlanta, Georgia. Plaintiff is informed and believes and, on that basis, alleges that Defendant BMCS is the successor, or one of the successors, in interest to Defendant BMCS and acted as an employer of Plaintiff and the rest of the Class. At all times relevant hereto, Defendant BMCS has done business in this County and has minimum contacts with this State.

5. Plaintiff is informed and believes and, on that basis, alleges that Defendants are part of an integrated enterprise which manufactures and distributes building materials and supplies construction services. On information and belief, all Defendants acted together as joint employers or co-employers of Plaintiff and the rest of the Class and controlled the day-to-day activities of Plaintiff and the rest of the Class.

6. Plaintiff does not know the true names or capacities of the Defendants sued herein as Does 1 through 25, inclusive, and, for that reason, said Defendants are sued under such fictitious names. In particular, Does 1-5 are Defendants who are believed to be joint or additional employers of Plaintiff and the members of the Class. Plaintiff is informed and believes and, based thereon, alleges that each of said fictitious Defendants is and was responsible in some manner for the injuries complained of herein. Plaintiff will seek leave to amend to name and serve such fictitiously named Defendants pursuant to Code of Civil Procedure Section 474 once their identities become known.

7. The monetary and equitable relief sought by Plaintiff on behalf of himself and the Class defined below exceeds the minimal jurisdictional limits of the Superior Court and will

be established according to proof at trial.  The Court has personal jurisdiction over the Defendants because they are either citizens of this State, doing business in this State or otherwise have minimum contacts with this State.  Venue is proper in Riverside County inasmuch as Plaintiff was employed by Defendants in this County, Defendants conduct business in this County and many of the acts complained of herein occurred in this County.

8.  At all times relevant hereto, Defendants employed persons and conducted business operations in California manufacturing and selling building materials and construction services. Defendants are therefore subject to the provisions of the California Labor Code, Wage Order No. 1-2001 (regulating wages, hours and working conditions in the Manufacturing Industry) and Wage Order No. 7-2001 (regulating wages, hours and working conditions in the Mercantile Industry) issued by the Industrial Welfare Commission ("IWC"), the California Business and Professions Code Sections 17200 *et seq*. ("Unfair Competition Law" or "UCL") and other relevant California law.

9.  Plaintiff is informed and believe and, based thereon, allege that Defendants were at all times relevant hereto members of, and engaged in, a joint venture, partnership, association or common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership, association or common enterprise. Furthermore, Plaintiff is informed and believes and, based thereon, alleges that at all times relevant hereto Defendants conspired together in, aided and abetted, contributed to, and/or acted as agents or employees of each other with respect to, the commission of the acts complained of herein.  Defendants are therefore jointly and severally liable for the injuries complained of herein.

//

//

## CLASS ALLEGATIONS

10.  Plaintiff brings this action pursuant to California Code of Civil Procedure Section 382 on behalf of himself and the Class described below.  The Class is comprised of and defined as:

> All current and former employees of Defendants who were employed as non-exempt employees at any of Defendants' locations anywhere in California, at any time from four years prior to the initiation of this action until the date of certification (hereinafter "the Class period").

11.  There exists a well-defined community of interest among the Class, and the Class is readily ascertainable for the following reasons:

a.  The members of the Class are so numerous that joinder of all members in a single action would not be feasible or practical.  Plaintiff alleges on information and belief and, based thereon, allege that the members of the Class exceed one hundred (100) persons.

b.  Plaintiff's claims are typical of the claims of the rest of the Class, and Plaintiff will fairly and adequate represent the interests of the Class.

c.  Common issues of fact or law predominate in this action over any allegedly individual issues.  Specifically, the following common issues of fact or law predominate and make this action superior to individual actions:

(i)  whether Plaintiff and the rest of the Class are entitled to recover damages, penalties or equitable relief on the grounds that Defendants have used uniform policies and procedures that have consistently violated California labor laws and regulations and caused Plaintiff and rest of the Class to suffer the same or similar injuries;

(ii)  whether Defendants have failed on certain occasions to provide Plaintiff and the rest of the Class with meal periods, as required by Labor Code Sections 226.7(b) and 512(a) and the applicable IWC Wage Order(s);

(iii)  whether Defendants have failed on certain occasions to provide Plaintiff and the rest of the Class with rest periods, as required by Labor Code Section 226.7(b) and the applicable IWC Wage Order(s);

(iv)  whether Defendants have failed to pay the correct amount of regular and/or overtime wages to Plaintiff and the rest of the Class for all hours worked, in violation of Labor Code Section 204;

(v)  whether Defendant have failed to pay the correct amount of overtime wages to Plaintiff and the rest of the Class for all hours worked, in violation of Labor Code Sections 510 and the applicable IWC Wage Order(s);

(vi)  whether Defendants have failed to provide and keep accurate and complete, itemized wage statements to Plaintiff and the rest of the Class, as required by Labor Code Section 226(a);

(vii)  whether Defendants have failed to pay wages due Plaintiff and the rest of the Class immediately upon the member of the Class being discharged or within seventy-two (72) hours of the member quitting, as required by Labor Code Sections 201-203; and

(viii)  whether Defendants' practices have constituted unfair, fraudulent, or illegal business practices under Business and Professions Code Sections 17200 *et seq.*

12.  California labor laws under which Plaintiff asserts the following causes of action on behalf of himself and the rest of the Class are broadly remedial in nature. These labor laws serve an important public interest in establishing minimum working conditions and standards in California.  They furthermore protect employees from exploitation by

employers who may seek to take advantage of their superior economic and bargaining power in setting onerous terms and conditions of employment.  The class action mechanism is a particularly efficient and appropriate procedure to redress the injuries alleged herein.  If each employee in the Class was required to file an individual action, Defendants would be able to use their superior financial and legal resources to gain an unfair advantage over each individual class member.  Moreover, requiring each class member to pursue an individual action would also discourage the assertion of meritorious causes of action by employees who would likely be disinclined to file such individual actions due to a justifiable fear of retaliation and damage to their careers at subsequent employment.

13.  In addition, even if feasible, individual actions by each member of the Class would create a substantial risk (i) of inconsistent or varying adjudications with respect to the claims of each member against Defendants, which in turn could establish potentially incompatible standards of conduct for Defendants, and/or (ii) of adjudications with respect to individual members that would, as a practical matter, be dispositive of the interests of the other members.  Furthermore, the claims of each individual member of the Class are not sufficiently large to make it economically feasible to bring each member's claims on an individual basis.

## GENERAL ALLEGATIONS

14.  During the Class period, Defendants employed Plaintiff and the rest of the Class as non-exempt, hourly-paid employees at Defendants' business locations throughout California.  Plaintiff alleges that said Defendants adopted and maintained uniform policies, practices and procedures governing the working conditions of, and payment of wages to, to Plaintiff and the rest of the Class.  As alleged below, Defendants' uniform policies, practices

and procedures violated California's labor laws and constituted unfair, fraudulent or illegal business practices under Business & Professions Code Sections 17200 *et seq*.

15. Specifically, among other things, during the Class period Defendants committed various violations of California's Labor Code and the applicable Wage Order, including but not limited to:

a. Failure to Provide Meal Periods: Defendants failed on certain occasions to provide full meal periods to Plaintiff and the rest of the Class on a timely basis in compliance with the Labor Code and applicable Wage Order(s). Specifically and without limitation, during the Class period Defendants failed to provide meal periods to Plaintiff and the rest of the Class and/or failed failed to provide such meal periods on a timely basis or for a full thirty (30) minute duration. On information and belief, Plaintiff alleges that Defendants automatically or manually deducted meal times from the wages of Plaintiff and other Class members if they failed to clock out for a meal period or failed to provide a full-duration meal period to such employees. On information and belief, Defendants' managers or supervisors and/or time clock system would edit or adjust the recorded clock times of Plaintiff and other Class members to make it appear that such employees received full-duration meal periods when such employees in fact did not receive such full-duration meal periods. Plaintiff further alleges that, when Plaintiff and other Class members were clocked in more than ten (10) hours during a single work shift, Defendants failed to provide a second meal period to Plaintiff and such other Class members. By way of example and without limitation, attached hereto as Exhibit A and incorporated herein by reference are copies of time and payroll records produced by Defendants with respect to Plaintiff individually. These records show on their fact that Plaintiff worked more than five (5) hours (and sometimes more than ten [10] hours) during thirty (30) work days between July 18, 2016

and August 23, 2016, inclusive, and one each of those thirty work days Defendants failed to provide a meal period to Plaintiff, and Plaintiff did not clock out for either a first or second a meal period.  Then, during the last four (4) work days of Plaintiff's employment with Defendants, commencing on August 24, 2016, and continuing to the end of Plaintiff's employment on September 2, 2016, Defendants adjusted, edited or altered Plaintiff's time records, either manually or through Defendants' timekeeping system, to deduct one (1) hour of wages each day to make it falsely appear as if Defendants in fact provided meal periods to Plaintiff on such work days.  On information and belief, Plaintiff alleges that Defendants similarly failed on certain occasions during the Class period to provide meal periods to other Class members and also adjusted, edited or altered the recorded work times of such other employees to make it falsely appear as if Defendants had in fact provided meal periods to them, all resulting in an underpayment of wages for hours actually worked by such Class members during the deducted or edited periods of time.

b.  Failure to Provide Rest Periods:  Defendants failed to provide rest periods to Plaintiff and the rest of the Class on a timely basis in compliance with the Labor Code and applicable Wage Order(s).  Specifically and without limitation, during the Class period Defendants failed to provide rest periods to Plaintiff and the rest of the Class and failed to provide such rest periods on a timely basis or for a full ten (10) minute duration.  Plaintiff further alleges that, when Plaintiff and other Class members were clocked in more than ten (10) hours during a single work shift, Defendants failed to provide a third rest period to Plaintiff and such other Class members.

c.  Underpayment of Regular Wages:  Defendants failed to pay for all regular wages due Plaintiff and the rest of the Class.  Specifically and without limitation, during the Class period, Defendants adopted a uniform policy or practice of calculating the regular wages

owed such employees in a manner which systematically under-paid them. Furthermore, during the Class period, Defendants adopted a uniform policy or practice of improperly adjusting, editing or altering, either manually or through Defendants' timekeeping system, the work hours recorded for Plaintiff and other Class members. This policy or practice resulted, over time, in the failure to compensate employees properly for all hours or time worked. Furthermore, Defendants have a policy or practice of deducting time from employee wages whenever employees clocked out for "short" meal periods or were not clocked out for the full time period allegedly allowed for the meal periods. As a consequence of this policy or practice, Defendants underpaid regular wages owed to Plaintiff and other Class members. Plaintiff further alleges, on information and belief, that when Plaintiff and other Class members were first hired Defendants required such employees to attend and receive new employee orientation and instruction off-the-clock and without compensation for the time spent in such orientation and instruction.

d. Underpayment of Overtime Wages: Defendants failed to pay for all overtime wages due Plaintiff and the rest of the Class. Specifically and without limitation, during the Class period, Defendants adopted a uniform policy and practice of calculating the overtime wages owed such employees in a manner which systematically under-paid them. Furthermore, during the Class period, Defendants adopted a uniform policy or practice of improperly adjusting, editing or altering the work hours or time recorded for Plaintiff and other Class members. This policy or practice resulted, over time, in the failure to compensate employees properly for all overtime hours worked. For example and without limitation, attached hereto as Exhibit B and incorporated herein by reference are copies of wage statements Plaintiff received from Defendants' each work week during his employment by Defendants. Comparison and analysis of the contents of the wage

statements in Exhibit B and the time and payroll records in Exhibit A show various discrepancies in the calculation or regular and overtime wages. For instance, the first page of Exhibit B is a wage statement showing a "check date" of 07/29/2016, covering the workweek and pay period from 07/16/2016 to 07/29/2016. This particular wage statement shows on its face that Plaintiff was credited with working 18.734 hours of overtime at the overtime rate of pay of $19.50 per hour for a total overtime wage payment of $365.30 for that workweek and pay period. However, the corresponding time and payroll records in Exhibit A, covering the same workweek and pay period from 07/16/2016 to 07/29/2016, reflect on their face that Plaintiff should have been paid for working 18.74 overtime hours, which should have resulted in total overtime wages to Plaintiff of $365.43 ($19.50 X 18.74 overtime hours). In another example, the second page of Exhibit B is a wage statement showing a "check date" of 08/05/2016, covering the workweek and pay period from 07/23/2016 to 07/29/2106. This wage statement reflects on its face that Plaintiff was credited with working 28.884 hours of overtime at the overtime rate of pay of $19.50 per hour for a total overtime wage payment to Plaintiff of $563.23 for that workweek and pay period. But the corresponding time and payroll records in Exhibit A, covering the same workweek and pay period from 07/23/2016 to 07/29/2016, show that Plaintiff should have been paid for working 28.89 overtime hours, which should have resulted in total overtime wages to Plaintiff of $563.36 ($19.50 X 28.89 overtime hours). Likewise, the third page of Exhibit B is a wage statement with a "check date" of 08/12/2016 and covering the workweek and pay period from 07/30/2016 to 08/05/2016. This wage statement shows that Plaintiff worked 21.7170 hours of overtime and 1.0330 hours of double time. Nevertheless, the corresponding time records in Exhibit A show that Plaintiff should have been paid 17.89 hours of overtime and 4.86 hours of double time during that workweek and pay period.

Exhibits A and B reflect various other discrepancies resulting in the underpayment of wages owed to Plaintiff. Plaintiff is informed and believes that Defendants' timekeeping and payroll practices resulted in similar discrepancies and underpayment of wages for other Class members. Furthermore, Defendants has a policy or practice of deducting time from employee wages whenever employees clocked out for "short" meal periods or were not clocked out for the full time period allegedly allowed for the meal periods. As a consequence of this policy or practice, Defendants underpaid overtime wages owed to Plaintiff and other Class members. Finally, Labor Code Section 200 defines wages as including "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." As set forth in Sections 49.1 *et seq.* of the Enforcement Policies and Interpretations Manual of the Division of Labor Standards Enforcement ("DLSE Manual"), overtime wages in California are calculated based on each non-exempt employee's regular rate of pay, which includes many different kinds of remuneration, such as hourly earnings, salary, piece work earnings, commissions, non-discretionary bonuses and the value of meals and lodging. Any sum paid for hours worked must be included in the calculation, as well as any payment for performing a duty must be included. The wage statements in Exhibit B reflect that, from time to time, Defendants credited Plaintiff with taxable benefits or earnings described in the statements as "*BLIFR" and "*ADDR." On information and belief, Defendants failed to include these taxable benefits or earnings in the regular rate of pay computation used to calculate the overtime and double time paid to Plaintiff and other Class members.

e. Inaccurate Wage Statements: Defendants failed to provide accurate wage statements to Plaintiff and the rest of the Class as a consequence, among other things, of (i)

the above-mentioned policy or practice of improperly adjusting, editing or altering the work hours or time recorded for Plaintiff and other Class members; (ii) the failure to pay the correct amount of regular and overtime wages to Plaintiff and other Class members; and (iii) the failure to pay one hour of wages whenever Defendants failed to provide legally-compliant meal and/or rest periods to Plaintiff and other Class members.  In addition, Defendants violated Labor Code Section 226(a) by failing to provide wage statements to Plaintiff and the rest of the Class which contained all of the items of information required by Subsections (1) through (9) of Section 226(a) or which were accurate as to such items of information.  In particular and without limitation, Section 226(a)(8) requires Defendants and other employers to show on the wage statements furnished to employees the correct "name and address of the legal entity that is the employer."  However, during the Class period, as shown in Exhibit B, Defendants furnished wage statements to Plaintiff and the rest of the Class which showed the name and address of the employer as being "BMC West Corporation, 720 Park Blvd., Suite 115, Boise, ID 83712."  Plaintiff is informed and believes that, during portions of the Class period, Defendant BMC West Corp. was no longer registered to do business in California and was no longer the actual employer of Plaintiff and the Class.  Instead, on information and belief, one or more of Defendant BMC West, LLC, Defendant BMCS or the other Defendants were the actual employers of Plaintiff and the Class during portions of the Class Period.  Defendants' failure to show the correct employer name and address of the employer in the wage statements constitutes a violation of Labor Code Section 226(a)(8) giving rise to the entitlement by Plaintiff and the Class to statutory penalties for injuries suffered pursuant Labor Code Section 226(e).  Furthermore, Defendants violated Labor Code Section 226(a) by failing to keep on file for at least three years at the place of employment or at a central location within the State of California copies

of the itemized wage statements furnished to Plaintiff and the rest of the Class.  Finally, Defendants violated Labor Code Section 1174(d) by failing to keep, at a central location in the state or at the plants or establishments at which the employees are or were employed, payroll records showing the hours worked daily by and the wages paid to Plaintiff and other employees employed at Defendants' respective plants or establishments.

     f.  Waiting Time Penalties:  Defendants failed to pay final wages due Plaintiff and other former employees in the Class on a timely basis immediately upon the employee being discharged or within seventy-two (72) hours of the member quitting.  Specifically and without limitation, during the Class period Defendants failed to pay all wages due Plaintiff and the rest of the Class as a consequence, among other things, of (i) the above-mentioned policy or practice of improperly adjusting, editing or altering the work hours or time recorded for Plaintiff and other Class members; (ii) the failure to pay the correct amount of regular and overtime wages to Plaintiff and other Class members; and (iii) the failure to pay one hour of wages whenever Defendants failed to provide legally-compliant meal and/or rest periods to Plaintiff and other Class members.  Consequently, regular and overtime wages and wage penalties remained unpaid at the time employees were discharged or quit.  Furthermore, and in the alternative, those final wages which Defendants in fact paid to Plaintiff and the rest of the Class at the time of termination or quitting were paid late and not on a timely basis as required by Labor Code Sections 201-202.  By way of example, Plaintiff was involuntarily terminated on September 2, 2016, while at Defendants' place of employment.  However, Defendants did not immediately pay Plaintiff his final wages at Defendants' place of employment.  Instead, as shown in Exhibit B, sometime after his involuntary termination, Plaintiff received from Defendants a pay check and wage statement, with a "check date" of 09/02/2016, showing that he was being paid final wages

which included 40 regular hours, 16.77 overtime hours and 5 double time hours, adding up to a total of $800.32 in final wages. However, after Plaintiff deposited this check with his bank, it was returned by the bank for insufficient funds. Thereafter, Plaintiff received from Defendants a replacement check, dated 09/09/2016, this time showing that he was being paid as final wages 40 regular hours, 16.7660 overtime hours and 4.533 double time hours, for a total of $791.54 in final wages. The discrepancy between the 09/02/2016 check for final wages and the 09/09/2016 check for final wages is another example of the discrepancies in Defendants' time and payroll records. Next, several weeks after his involuntary termination, Defendants issued another check and wage statement, with a date of 09/16/2016, showing 13 hours of accrued and unused vacation wages being paid to Plaintiff nearly a month after his termination. On information and belief, Plaintiffs allege that Defendants had a policy or practice of failing to pay the correct amount of final wages, including vacation wages, on a timely basis, to the former employees in the Class. Thus, during the Class period, Defendants committed both "direct" and "derivative" violations of Sections 201-202.

## FIRST CAUSE OF ACTION

### FOR VIOLATION OF LABOR CODE SECTIONS 226.7(b) AND 512(a)

### AND THE APPLICABLE IWC WAGE ORDER(S)

(Against all Defendants)

16.  Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1-15 inclusive.

17.  During the Class period, Labor Code Sections 226.7(b) and 512(a) and the applicable IWC Wage Order applied to Defendants' employment of Plaintiff and the rest of the Class. At all times relevant hereto, Labor Code Section 226.7(b) provided that no

employers such as Defendants could require employees such as the members of the Class to work during any meal period mandated by an applicable order of the IWC.

18. At all times relevant hereto, Labor Code Section 512(a) provided that employers such as Defendants could not require or permit an employee such as a member of the Class to work a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee. Furthermore, at all times relevant hereto, Labor Code Section 512(a) provided that employers such as Defendants could not require or permit an employee such as a member of the Class to work a period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period is not waived. At all times relevant hereto, the applicable IWC Wage Order(s) imposed the same meal period requirements on employers such as Defendants.

19. During the Class period, Defendants failed to provide Plaintiff and the rest of the Class with meal periods as required by California law. Specifically and without limitation, during the Class period Defendants failed to provide meal periods to Plaintiff and the rest of the Class and failed to provide such meal periods on a timely basis or for a full thirty (30) minute duration. In particular and without limitation, Defendants failed to provide a second meal period when Plaintiff and other Class members were clocked in for more than ten (10) hours during a work shift.

20. During the Class period, Defendants failed to compensate Plaintiff and the rest of the Class for work performed during meal periods that were not provided in accordance with California law and thereby violated Labor Code Sections 226.7(b) and 512(a) and the applicable IWC Wage Order(s). Accordingly, pursuant to Labor Code Section 226.7(c), Plaintiff and the rest of the Class are entitled to recover from Defendants one additional hour of pay at the Class members' regular rate of compensation for each work day that a meal period was not provided in accordance with California law.

## SECOND CAUSE OF ACTION

## FOR VIOLATION OF LABOR CODE SECTION 226.7(b) AND THE

## APPLICABLE IWC WAGE ORDER

(Against all Defendants)

21. Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1-15 inclusive.

22. During the Class period, Labor Code Sections 226.7(b) and the applicable IWC Wage Order(s) applied to Defendants' employment of Plaintiff and the rest of the Class. At all times relevant hereto, Labor Code Section 226.7(b) provided that no employers such as Defendants could require employees such as the members of the Class to work during any rest period mandated by an applicable order of the IWC.

23. At all times relevant hereto, the applicable IWC Wage Order(s) required employers such as the Defendants to provide to an employee such as a member of the Class a ten (10) minute rest period for every four (4) hours (or major fraction thereof) worked, unless the employee's daily work time is less than three and one-half (3½) hours, and to provide such rest periods in the middle of each work period insofar as is practicable. Specifically, employees are entitled to one (1) ten (10) minute rest period for shifts from

three (3) and one-half (1/2) to six (6) hours in length, two (2) ten (10) minute rest periods for shifts of more than six (6) hours up to ten (10) hours in length and three (3) ten (10) minute rest periods for shifts of more than ten (10) hours in length.

24. During the Class period Defendants failed to provide rest periods to Plaintiff and the rest of the Class when they worked a sufficient amount of time to be entitled to such rest periods. Furthermore and without limitation, during the Class period Defendants failed to provide rest periods to Plaintiff and the rest of the Class on a timely basis or for a full ten (10) minute duration. In particular and without limitation, Defendants failed to provide a third rest period when Plaintiff and other Class members were clocked in for more than ten (10) hours during a work shift.

25. During the Class period, Defendants failed to compensate Plaintiff and the rest of the Class for work performed during rest periods that were not provided or not provided on a timely basis or in compliance with California law, and thereby violated Labor Code Sections 226.7(b) and the applicable IWC Wage Order. Accordingly, pursuant to Labor Code Section 226.7(c), Plaintiff and the rest of the Class are entitled to recover from Defendants one additional hour of pay at the Class members' regular rate of compensation for each work day that a rest period was not provided in compliance with the law.

### THIRD CAUSE OF ACTION

### FOR VIOLATION OF LABOR CODE SECTIONS 204 AND 218

(Against all Defendants)

26. Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1-25 inclusive.

27. During the Class period, Labor Code Section 204 applied to Defendants' employment of Plaintiff and the rest of the Class. At all times relevant hereto, Labor Code

Section 204 provided that all regular and overtime wages earned by any employee, such as a member of the Class, in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and 26th day of the month during which the work was performed. Furthermore, at all times relevant hereto, Labor Code Section 204 provided that all regular and overtime wages earned by any employee, such as a member of the Class, in any employment between the 16th and last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and 10th day of the following month.

28.  During the Class period, Defendants failed to pay Plaintiff and the rest of the Class wages for all regular hours worked.  For example, and without limitation, during the Class period, Defendants adopted a uniform policy or practice of improperly "shaving" or altering the work hours or time recorded for Plaintiff and other Class members.  In addition, Defendants' wage statements furnished to Plaintiff and other Class members show various discrepancies reflecting that Defendants sometimes miscalculated and underpaid the amount of regular and/or overtime wages due such employees.  This policy or practice resulted, over time, in the failure to compensate employees properly for all hours or time worked. Furthermore, Defendants has a policy or practice of deducting time from employee wages whenever employees clocked out for "short" meal periods or were not clocked out for the full time period allegedly allowed for the meal periods.  In addition, as alleged above, Defendants had a policy or practice of not paying wages to Plaintiff and other Cass members during the times when they received new employee orientation or training.  As a consequence of these policies or practices, Defendants underpaid regular and/or overtime wages owed to Plaintiff and other Class members.

29.  In summary, during the Class period, Defendants failed to pay Plaintiff and the rest of the Class for regular and/or overtime wages earned and therefore violated Labor Code Section 204.  Accordingly, Plaintiff and the rest of the Class are entitled to recover all damages, penalties and other remedies available for violation of Labor Code Section 204.  Specifically, Labor Code Section 218 authorizes a private right of action for violations of Labor Code Section 204.  Pursuant to Labor Code Section 218, Plaintiff seeks to recover such relief for violation of Section 204 on behalf of himself and the rest of the Class.

### FOURTH CAUSE OF ACTION

### FOR VIOLATION OF LABOR CODE SECTION 510 AND THE

### APPLICABLE IWC WAGE ORDER(S)

(Against all Defendants)

30.  Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1-29 inclusive.

31.  During the Class period, Labor Code Section 510 applied to Defendants' employment of Plaintiff and the rest of the Class.  At all times relevant hereto, Labor Code Section 510 and the applicable IWC Wage Order(s) provided that it was unlawful to employ persons such as members of the Class without compensating them at a rate of pay either one and one-half (1½) or two (2) times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.  Specifically, the applicable IWC Wage Order(s) provided that Defendants were required to pay Plaintiff and the rest of the Class at the rate of one and one-half (1½) times the Class member's regular rate of pay if the Class member worked more than eight (8) hours in a day or more than forty (40) hours in a work week.  Furthermore, Defendants were required to pay Plaintiff and the

rest of the Class at the rate of two (2) times the Class member's regular rate of pay if the Class member worked more than twelve (12) hours a day.

32. Plaintiff is informed and believes and, based thereon, alleges that, during the Class period, Defendants failed to pay Plaintiff and the rest of the Class all of the overtime wages that they were due and therefore violated Labor Code Section 510 and the applicable Wage Order(s). Specifically and without limitation, during the Class period, Defendants adopted a uniform policy or practice of improperly adjusting, editing or altering the work hours or time recorded for Plaintiff and other Class members. This policy or practice resulted, over time, in the failure to compensate employees properly for all overtime hours or overtime time worked. Furthermore, Defendants has a policy or practice of deducting time from employee wages whenever employees clocked out for "short" meal periods or were not clocked out for the full time period allegedly allowed for the meal periods. As a consequence of this policy or practice, Defendants underpaid overtime wages owed to Plaintiff and other Class members. Furthermore, as alleged above, Plaintiff is informed and believes that Defendants failed to include in the calculation of the regular rate of pay used to compute overtime wages the taxable benefits or earnings described as "*BLIFR" and "*ADDR" in the wage statements furnished to Plaintiff and other Class members. Accordingly, Plaintiff and the rest of the Class are entitled to recover from Defendants all damages, penalties and other remedies available for violations of Labor Code Section 510.

## FIFTH CAUSE OF ACTION

### FOR VIOLATION OF LABOR CODE SECTION 226(a)

(Against all Defendants)

33. Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1-32 inclusive.

34.   During the Class period, Labor Code Section 226(a) applied to Defendants' employment of Plaintiff and the rest of the Class.  At all times relevant hereto, Labor Code Section 226(a) required that employers such as Defendants furnish to their employees, semi-monthly or at the time of each payment of wages, an accurate itemized statement in writing showing such matters as the gross wages earned, the total hours worked, the net wages earned and all applicable hourly rates, during the pay period.

35.   Plaintiff is informed and believes and, based thereon, alleges that during the Class period Defendants knowingly and intentionally failed to provide such accurate itemized wage statements to Plaintiff and the rest of the Class members, in that such statements failed to show accurately all hours worked, the gross and net wages earned and all applicable hourly rates and therefore Defendants violated Labor Code Section 226(a). Plaintiff and the rest of the Class members suffered injury as a result of this failure to comply with Labor Code Section 226(a).

36.   For example and without limitation, the wage statements provided to Plaintiff and the other Class members were inaccurate as a consequence, among other things, of (i) the above-mentioned policy or practice of improperly adjusting, editing or altering the work hours or time recorded for Plaintiff and other Class members; (ii) the failure to pay the correct amount of regular and overtime wages to Plaintiff and other Class members; (iii) the failure to pay one hour of wages whenever Defendants failed to provide legally-compliant meal and/or rest periods to Plaintiff and other Class members; and (iv) the failure to include the correct name and address of the employer in the wage statements.  In addition, Defendants violated Labor Code Section 226(a) by failing to provide wage statements to Plaintiff and the rest of the Class which contained all of the items of information required by Subsections (1) through (9) of Section 226(a) or which were accurate as to such items of

information.  Furthermore, Defendants violated Labor Code Section 226(a) by failing to keep on file for at least three years at the place of employment or at a central location within the State of California copies of the itemized wage statements furnished to Plaintiff and the rest of the Class.

37.  Accordingly, pursuant to Labor Code Section 226(e), Plaintiff and each member of the Class are entitled to recover from Defendants fifty dollars ($50) for the initial violation of Labor Code Section 226(a) and one hundred dollars ($100) for each subsequent violation, up to a maximum of $4,000 per member.

## SIXTH CAUSE OF ACTION

### FOR VIOLATION OF LABOR CODE SECTIONS 201-203

(Against all Defendants)

38.  Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1-37 inclusive.

39.  During the Class period, Labor Code Sections 201 and 202 applied to Defendants' employment of Plaintiff and the rest of the Class.  At all times relevant hereto, Labor Code Section 201 provided that, if an employer such as Defendants  discharged an employee such as a member of the Class, the wages earned and unpaid at the time of discharge were due and payable immediately.  Furthermore, Labor Code Sections 202 provided that, if an employee such as a member of the Class voluntarily left his or her employment, the wages earned and unpaid must be paid by the employer within seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to leave, in which case the employee is entitled to receive his or her wages immediately at the time of quitting.

40.  Plaintiff is informed and believes and, based thereon, alleges that, during the Class period, Defendants willfully failed to pay former employees in the Class their earned and unpaid wages, either at the time of their discharge or within seventy-two (72) hours of their quitting.  Defendants therefore violated Labor Code Section 201 and 202.

41.  Specifically, as alleged above, by failing to pay the proper amount of regular and overtime wages, Defendants underpaid the actual amount of regular and overtime wages due Plaintiff and the rest of the Class.  Furthermore, Defendants failed to pay wage penalties to Plaintiff and the rest of the Class when they were not provided with legally-compliant meal or rest periods.  These unpaid amounts were still owing to former employees in the Class when they ended their employment with Defendants.  Consequently, Defendants failed to timely pay all wages due former employees in the Class at the time that their employment ended.  Furthermore, and in the alternative, those final wages which Defendants in fact paid to Plaintiff and the rest of the Class at the time of termination or quitting were paid late and not on a timely basis as required by Labor Code Sections 201-202.  Thus, during the Class period, Defendants committed both "direct" and "derivative" violations of Sections 201-202.

42.  During the Class period, Labor Code Section 203 provided that, if employers such as Defendants willfully fail to pay any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced, but the wages shall not continue for more than thirty (30) days.  Accordingly, Class members who were discharged or who quit during the Class period are entitled to receive their wages for each day they were not paid, at their regular rate of pay, up to a maximum of thirty (30) days.

//

//

### SEVENTH CAUSE OF ACTION

### FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE

### SECTIONS 17200 *ET SEQ.*

(Against all Defendants)

43. Plaintiff re-alleges and incorporates herein by this reference each of the allegations in Paragraphs 1-42 inclusive.

44. During the Class period, Defendants' practices, as alleged above, have been and continue to be unfair, fraudulent and illegal, and harmful to Plaintiff, the rest of the Class members and the general public. Defendants' above-alleged practices constitute violations of Business and Professions Code Sections 17200 *et seq.* Specifically, a practice that violates any state law or regulation may constitute the basis of an unlawful business practice prohibited by Business and Professions Code Sections 17200 *et seq.*

45. Among other things, the following practices of Defendants, as alleged above, constitute unfair business practices:

a. Defendants' failure to provide meal periods, as required by Labor Code Sections 226.7(b) and 512(a) and the applicable IWC Wage Order(s);

b. Defendants' failure to provide rest periods, as required by Labor Code Sections 226.7(b) and the applicable IWC Wage Order(s);

c. Defendants' failure to pay wages for regular and overtime wages, as required by Labor Code Section 204;

d. Defendants' failure to pay overtime wages for overtime hours worked, as required by Labor Code Section 510 and the applicable IWC Wage Order(s);

e. Defendants' knowing and intentional failure to provide accurate and complete wage statements, as required by Labor Code Section 226(a);

f. Defendants' failure to keep on file for at least three years at the place of employment or at a central location within the State of California copies of the itemized wage statements furnished to Plaintiff and the rest of the Class, as required by Labor Code Section 226(a); and

g. Defendants' willful failure to pay unpaid wages to former employees in the Class immediately upon discharge or within seventy-two (72) hours of the Class member quitting, as required by Labor Code Sections 201-203.

46. Accordingly, pursuant to Business and Professions Code Section 17200 *et seq.*, Plaintiff and the rest of the Class are entitled to restitution of wages and other property held by Defendants and/or other relief requiring Defendants to pay all wages and other sums due the Class during the Class Period.

47. Plaintiff meets the standing requirements for seeking relief pursuant to Business and Professions Code Section 17203, in that he has suffered injury in fact and has lost money as a result of Defendants' policies, practices and procedures, as more fully set forth elsewhere in this pleading.

## PRAYER

WHEREFORE, Plaintiff prays for judgment on behalf of himself and the rest of the Class, as follows:

### ON THE FIRST AND SECOND CAUSES OF ACTION

1. For penalties for failing to provide timely and uninterrupted meal and rest periods;

### ON THE THIRD AND FOURTH CAUSES OF ACTION

1. For compensatory damages for unpaid regular and overtime wages earned during each pay period;

**ON THE FIFTH CAUSE OF ACTION**

1.  For penalties for the failure to provide accurate wage statements in accordance with Labor Code §226(a);

**ON THE SIXTH CAUSE OF ACTION**

1.  For penalties consisting of the wages of each Class member at their regular daily rate up to a maximum of thirty (30) days;

**ON THE SEVENTH CAUSE OF ACTION**

1.  For restitution of all unpaid wages, overtime, minimum wages and other monies withheld from Plaintiff and the rest of the Class together with the disgorgement of profits received as a result of Defendants' unfair, unlawful or fraudulent business practices;

**ON ALL CAUSES OF ACTION**

1.  For certification of the First through Seventh Causes of Action as a class action;

2.  For attorney's fees and costs pursuant to Labor Code Sections 218.5 and 226(e), Civil Procedure Section 1021.5, the "common fund" theory, the "substantial benefit" theory and/or any other applicable theory or doctrine;

3.  For prejudgment interest; and

4.  For such further relief as the Court may deem appropriate.

DATED: January 19, 2017

LAW OFFICES OF GREGG A. FARLEY

By: _____
    Gregg A. Farley
Attorneys for Plaintiff Sergio Galicia Gonzalez,
appearing on behalf of himself and all others
similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for himself and the rest of the Class on all claims so triable.

Dated:  January 19, 2017

LAW OFFICES OF GREGG A. FARLEY

By: _____

Gregg A. Farley

Attorneys for Plaintiff Sergio Galicia Gonzalez, appearing on behalf of himself and all others similarly situated

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

**SBS**

**Pay Detail Report**

**Dayforce HCM**

Run By: 120813
Run Date: 11/15/2016 11:06:51 AM
Group By: Employee

Date Range: 7/7/2016 - 11/11/2016
Location: 8793 - SoCal Indio-LBM
Employees: Galicia Gonzalez, Sergio
Details: Employee Daily Details
Options: [None]
Pay Category: All
Pay Code: All
Pay Type: Hourly, Salaried
Status: All

| Galicia Gonzalez, Sergio | 661612 | Mon, Jul 18 | | | Manager Authorized: Yes | | | Employee Authorized: No | |
|---|---|---|---|---|---|---|---|---|---|
| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |

| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 5:59 am | 1:59 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 1:59 pm | 5:06 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 3.12 | 0.00 | $19.50 | $60.78 |
| | | | | | | Total: | 11.12 | 0.00 | | $164.78 |

| Galicia Gonzalez, Sergio | 661612 | Tue, Jul 19 | | | Manager Authorized: Yes | | | Employee Authorized: No | |
|---|---|---|---|---|---|---|---|---|---|

| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 5:58 am | 1:58 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 1:58 pm | 5:35 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 3.62 | 0.00 | $19.50 | $70.53 |
| | | | | | | Total: | 11.62 | 0.00 | | $174.53 |

| Galicia Gonzalez, Sergio | 661612 | Wed, Jul 20 | | | Manager Authorized: Yes | | | Employee Authorized: No | |
|---|---|---|---|---|---|---|---|---|---|

| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 3:00 am | 11:00 am | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 11:00 am | 3:00 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 4.00 | 0.00 | $19.50 | $78.00 |
| 3:00 pm | 5:13 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT2.0 | Work | 2.22 | 0.00 | $26.00 | $57.63 |
| | | | | | | Total: | 14.22 | 0.00 | | $239.63 |

| Galicia Gonzalez, Sergio | 661612 | Thu, Jul 21 | | | Manager Authorized: Yes | | | Employee Authorized: No | |
|---|---|---|---|---|---|---|---|---|---|

| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 6:00 am | 2:00 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 2:00 pm | 6:00 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 4.00 | 0.00 | $19.50 | $78.00 |
| 6:00 pm | 8:24 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT2.0 | Work | 2.40 | 0.00 | $26.00 | $62.40 |
| | | | | | | Total: | 14.40 | 0.00 | | $244.40 |

| Galicia Gonzalez, Sergio | 661612 | Fri, Jul 22 | | | Manager Authorized: Yes | | | Employee Authorized: No | |
|---|---|---|---|---|---|---|---|---|---|

Copyright © 2016 by Ceridian HCM, Inc. All rights reserved.

**SBS**

**Pay Detail Report**

**Dayforce HCM**

Date Range: 7/7/2016 - 11/11/2016

Location: 8793 - SoCal Indio-LBM

Employees: Galicia Gonzalez, Sergio

Details: Employee Daily Details

Options: [None]

Pay Category: All

Pay Code: All

Pay Type: Hourly, Salaried

Status: All

Run By: 120813
Run Date: 11/15/2016 11:08:51 AM
Group By: Employee

| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 3:05 am | 11:05 am | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 11:05 am | 3:05 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 4.00 | 0.00 | $19.50 | $78.00 |
| 3:05 pm | 4:04 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT2.0 | Work | 0.98 | 0.00 | $26.00 | $25.57 |
| | | | | | | Total: | 12.98 | 0.00 | | $207.57 |

| Galicia Gonzalez, Sergio | 661612 | Sat, Jul 23 | | Manager Authorized: Yes | | | | Employee Authorized: No | | |
|---|---|---|---|---|---|---|---|---|---|---|
| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
| 3:56 am | 11:56 am | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 11:56 am | 2:36 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 2.67 | 0.00 | $19.50 | $52.00 |
| | | | | | | Total: | 10.67 | 0.00 | | $156.00 |

| Galicia Gonzalez, Sergio | 661612 | Mon, Jul 25 | | Manager Authorized: Yes | | | | Employee Authorized: No | | |
|---|---|---|---|---|---|---|---|---|---|---|
| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
| 3:15 am | 11:15 am | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 11:15 am | 3:15 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 4.00 | 0.00 | $19.50 | $78.00 |
| 3:15 pm | 4:04 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT2.0 | Work | 0.82 | 0.00 | $26.00 | $21.23 |
| | | | | | | Total: | 12.82 | 0.00 | | $203.23 |

| Galicia Gonzalez, Sergio | 661612 | Tue, Jul 26 | | Manager Authorized: Yes | | | | Employee Authorized: No | | |
|---|---|---|---|---|---|---|---|---|---|---|
| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
| 6:39 am | 2:39 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 2:39 pm | 6:30 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 3.85 | 0.00 | $19.50 | $75.08 |
| | | | | | | Total: | 11.85 | 0.00 | | $179.08 |

| Galicia Gonzalez, Sergio | 661612 | Wed, Jul 27 | | Manager Authorized: Yes | | Employee Authorized: No |
|---|---|---|---|---|---|---|

Copyright © 2016 by Ceridian HCM, Inc. All rights reserved.

**SBS**

**Pay Detail Report**

**Dayforce HCM**

Date Range: 7/7/2016 - 11/11/2016

Location: 8793 - SoCal Indio-LBM

Employees: Galicia Gonzalez, Sergio

Details: Employee Daily Details

Options: [None]

Pay Category: All

Pay Code: All

Pay Type: Hourly, Salaried

Status: All

Run By: 120813

Run Date: 11/15/2016 11:08:51 AM

Group By: Employee

| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 6:05 am | 2:05 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 2:05 pm | 6:05 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 4.00 | 0.00 | $19.50 | $78.00 |
| 6:05 pm | 6:32 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT2.0 | Work | 0.45 | 0.00 | $0.00 | $11.70 |
| | | | | | | Total: | 12.45 | 0.00 | | $193.70 |

**Galicia Gonzalez, Sergio** | 661612 | Thu Jul 28 | Manager Authorized Yes | Employee Authorized No

| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 6:01 am | 2:01 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 2:01 pm | 3:56 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 3.25 | 0.00 | $19.50 | $63.38 |
| 4:02 pm | 5:22 pm | | | | | | | | | |
| | | | | | | Total: | 11.25 | 0.00 | | $167.38 |

**Galicia Gonzalez, Sergio** | 661612 | Fri Jul 29 | Manager Authorized Yes | Employee Authorized No

| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 3:02 am | 11:02 am | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Weekly OT | Work | 8.00 | 0.00 | $19.50 | $156.00 |
| 11:02 am | 2:09 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 3.12 | 0.00 | $19.50 | $60.78 |
| | | | | | | Total: | 11.12 | 0.00 | | $216.78 |

**Galicia Gonzalez, Sergio** | 661612 | Sat Jul 30 | Manager Authorized Yes | Employee Authorized No

| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 4:58 am | 12:50 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 7.87 | 0.00 | $13.00 | $102.27 |
| | | | | | | Total: | 7.87 | 0.00 | | $102.27 |

**Galicia Gonzalez, Sergio** | 661612 | Mon Aug 1 | Manager Authorized Yes | Employee Authorized No

| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 6:05 am | 2:05 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 2:05 pm | 2:53 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 0.80 | 0.00 | $19.50 | $15.60 |
| | | | | | | Total: | 8.80 | 0.00 | | $119.60 |

Copyright © 2016 by Ceridian HCM, Inc. All rights reserved.

**SBS**  |  **Pay Detail Report**  |  **Dayforce HCM**

Date Range: 7/7/2016 - 11/11/2016
Location: 8793 - SoCal Indio-LBM
Employees: Galicia Gonzalez, Sergio
Details: Employee Daily Details
Options: [None]
Pay Category: All
Pay Code: All
Pay Type: Hourly, Salaried
Status: All

Run By: 120813
Run Date: 11/15/2016 11:08:51 AM
Group By: Employee

### Galicia Gonzalez, Sergio — 661612 — Tue, Aug 2 — Manager Authorized: Yes — Employee Authorized: No

| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 5:36 am | 1:36 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 1:36 pm | 3:48 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 2.20 | 0.00 | $19.50 | $42.90 |
| | | | | | | **Total:** | 10.20 | 0.00 | | **$146.90** |

### Galicia Gonzalez, Sergio — 661612 — Wed, Aug 3 — Manager Authorized: Yes — Employee Authorized: No

| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 4:11 am | 12:11 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 12:11 pm | 3:12 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 3.02 | 0.00 | $19.50 | $58.83 |
| | | | | | | **Total:** | 11.02 | 0.00 | | **$162.83** |

### Galicia Gonzalez, Sergio — 661612 — Thu, Aug 4 — Manager Authorized: Yes — Employee Authorized: No

| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 5:38 am | 1:38 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 1:38 pm | 5:38 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 4.00 | 0.00 | $19.50 | $78.00 |
| 5:38 pm | 6:40 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT2.0 | Work | 1.03 | 0.00 | $26.00 | $26.87 |
| | | | | | | **Total:** | 13.03 | 0.00 | | **$208.87** |

### Galicia Gonzalez, Sergio — 661612 — Fri, Aug 5 — Manager Authorized: Yes — Employee Authorized: No

| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 3:04 am | 3:12 am | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 0.13 | 0.00 | $0.00 | $1.73 |
| 3:12 am | 11:04 am | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Weekly OT | Work | 7.87 | 0.00 | $19.50 | $153.40 |
| 11:04 am | 2:54 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 3.83 | 0.00 | $19.50 | $74.75 |
| | | | | | | **Total:** | 11.83 | 0.00 | | **$229.88** |

### Galicia Gonzalez, Sergio — 661612 — Mon, Aug 8 — Manager Authorized: Yes — Employee Authorized: No

Copyright © 2016 by Ceridian HCM, Inc. All rights reserved.

**SBS**

**Pay Detail Report**

**Dayforce HCM**

Date Range: 7/7/2016 - 11/11/2016

Run By: 120813

Location: 8793 - SoCal Indio-LBM

Run Date: 11/15/2016 11:06:51 AM

Employees: Galicia Gonzalez, Sergio

Group By: Employee

Details: Employee Daily Details

Options: [None]

Pay Category: All

Pay Code: All

Pay Type: Hourly, Salaried

Status: All

| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 3:06 am | 11:06 am | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work · | 8.00 | 0.00 | $13.00 | $104.00 |
| 11:06 am | 3:06 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 4.00 | 0.00 | $19.50 | $78.00 |
| 3:06 pm | 4:54 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT2.0 | Work | 1.80 | 0.00 | $26.00 | $46.80 |
| | | | | | Total: | | 13.80 | 0.00 | | $228.80 |

| Galicia Gonzalez, Sergio | 661612 | Tue Aug 9 | | Manager Authorized: Yes | | Employee Authorized: No | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **In** | **Out** | **Location** | **Department** | **Job** | **Pay Category** | **Pay Code** | **Hours** | **Premium** | **Rate** | **Amount** |
| 6:09 am | 2:09 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 2:09 pm | 5:23 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 3.23 | 0.00 | $19.50 | $63.05 |
| | | | | | Total: | | 11.23 | 0.00 | | $167.05 |

| Galicia Gonzalez, Sergio | 661612 | Wed Aug 10 | | Manager Authorized: Yes | | Employee Authorized: No | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **In** | **Out** | **Location** | **Department** | **Job** | **Pay Category** | **Pay Code** | **Hours** | **Premium** | **Rate** | **Amount** |
| 5:37 am | 1:37 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 1:37 pm | 4:24 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 2.78 | 0.00 | $19.50 | $54.28 |
| | | | | | Total: | | 10.78 | 0.00 | | $158.28 |

| Galicia Gonzalez, Sergio | 661612 | Thu Aug 11 | | Manager Authorized: Yes | | Employee Authorized: No | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **In** | **Out** | **Location** | **Department** | **Job** | **Pay Category** | **Pay Code** | **Hours** | **Premium** | **Rate** | **Amount** |
| 6:01 am | 2:01 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 2:01 pm | 5:17 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 3.27 | 0.00 | $19.50 | $63.70 |
| | | | | | Total: | | 11.27 | 0.00 | | $167.70 |

| Galicia Gonzalez, Sergio | 661612 | Fri Aug 12 | | Manager Authorized: Yes | | Employee Authorized: No | | | | |
|---|---|---|---|---|---|---|---|---|---|---|

Copyright © 2016 by Ceridian HCM, Inc. All rights reserved.

**SBS**

**Pay Detail Report**

**Dayforce HCM**

Date Range: 7/7/2016 - 11/11/2016
Location: 8793 - SoCal Indio-LBM
Employees: Galicia Gonzalez, Sergio
Details: Employee Daily Details
Options: [None]
Pay Category: All
Pay Code: All
Pay Type: Hourly, Salaried
Status: All

Run By: 120613
Run Date: 11/15/2016 11:06:51 AM
Group By: Employee

| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 4:05 am | 12:05 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 12:05 pm | 4:05 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 4.00 | 0.00 | $19.50 | $78.00 |
| 4:05 pm | 5:21 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT2.0 | Work | 1.27 | 0.00 | $26.00 | $32.93 |
| | | | | | | Total: | 13.27 | 0.00 | | $214.93 |

| Galicia Gonzalez, Sergio | 661612 | | Mon Aug 15 | | Manager Authorized: Yes | | | Employee Authorized: No | | |
|---|---|---|---|---|---|---|---|---|---|---|

| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 6:06 am | 2:06 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 2:06 pm | 6:06 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 4.00 | 0.00 | $19.50 | $78.00 |
| 6:06 pm | 7:06 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT2.0 | Work | 1.00 | 0.00 | $26.00 | $26.00 |
| | | | | | | Total: | 13.00 | 0.00 | | $208.00 |

| Galicia Gonzalez, Sergio | 661612 | | Tue Aug 16 | | Manager Authorized: Yes | | | Employee Authorized: No | | |
|---|---|---|---|---|---|---|---|---|---|---|

| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 2:56 am | 10:56 am | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 10:56 am | 2:42 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 3.77 | 0.00 | $19.50 | $73.45 |
| | | | | | | Total: | 11.77 | 0.00 | | $177.45 |

| Galicia Gonzalez, Sergio | 661612 | | Wed Aug 17 | | Manager Authorized: Yes | | | Employee Authorized: No | | |
|---|---|---|---|---|---|---|---|---|---|---|

| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 4:36 am | 12:36 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 12:36 pm | 3:55 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 3.32 | 0.00 | $19.50 | $64.68 |
| | | | | | | Total: | 11.32 | 0.00 | | $168.68 |

| Galicia Gonzalez, Sergio | 661612 | | Thu Aug 18 | | Manager Authorized: Yes | | | Employee Authorized: No | | |
|---|---|---|---|---|---|---|---|---|---|---|

Copyright © 2016 by Ceridian HCM, Inc. All rights reserved.

**SBS**

**Pay Detail Report**

**Dayforce HCM**

Date Range: 7/7/2016 - 11/11/2016
Location: 8793 - SoCal Indio-LBM
Employees: Galicia Gonzalez, Sergio
Details: Employee Daily Details
Options: [None]
Pay Category: All
Pay Code: All
Pay Type: Hourly, Salaried
Status: All

Run By: 120613
Run Date: 11/15/2016 11:06:51 AM
Group By: Employee

| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 3:35 am | 11:35 am | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 11:35 am | 3:35 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 4.00 | 0.00 | $19.50 | $78.00 |
| 3:35 pm | 3:43 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT2.0 | Work | 0.13 | 0.00 | $0.00 | $3.47 |
| | | | | | | Total: | 12.13 | 0.00 | | $185.47 |

| Galicia Gonzalez, Sergio | 661612 | | Fri, Aug 19 | | Manager Authorized: Yes | | | Employee Authorized: No | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **In** | **Out** | **Location** | **Department** | **Job** | **Pay Category** | **Pay Code** | **Hours** | **Premium** | **Rate** | **Amount** |
| 6:06 am | 2:06 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 2:06 pm | 6:06 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 4.00 | 0.00 | $19.50 | $78.00 |
| 6:06 pm | 9:29 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT2.0 | Work | 3.38 | 0.00 | $26.00 | $87.97 |
| | | | | | | Total: | 15.38 | 0.00 | | $269.97 |

| Galicia Gonzalez, Sergio | 661612 | | Mon, Aug 22 | | Manager Authorized: Yes | | | Employee Authorized: No | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **In** | **Out** | **Location** | **Department** | **Job** | **Pay Category** | **Pay Code** | **Hours** | **Premium** | **Rate** | **Amount** |
| 3:10 am | 11:10 am | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 11:10 am | 3:10 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 4.00 | 0.00 | $19.50 | $78.00 |
| 3:10 pm | 4:29 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT2.0 | Work | 1.32 | 0.00 | $26.00 | $34.23 |
| | | | | | | Total: | 13.32 | 0.00 | | $216.23 |

| Galicia Gonzalez, Sergio | 661612 | | Tue, Aug 23 | | Manager Authorized: Yes | | | Employee Authorized: No | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **In** | **Out** | **Location** | **Department** | **Job** | **Pay Category** | **Pay Code** | **Hours** | **Premium** | **Rate** | **Amount** |
| 4:33 am | 12:33 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 12:33 pm | 4:22 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 3.82 | 0.00 | $19.50 | $74.43 |
| | | | | | | Total: | 11.82 | 0.00 | | $178.43 |

| Galicia Gonzalez, Sergio | 661612 | | Wed, Aug 24 | | Manager Authorized: Yes | | | Employee Authorized: No | | |
|---|---|---|---|---|---|---|---|---|---|---|

Copyright © 2016 by Ceridian HCM, Inc. All rights reserved.

**SBS**                        **Pay Detail Report**                        **Dayforce HCM**

Date Range: 7/7/2016 - 11/11/2016

Location: 8793 - SoCal Indio-LBM

Employees: Galicia Gonzalez, Sergio

Details: Employee Daily Details

Options: [None]

Pay Category: All

Pay Code: All

Pay Type: Hourly, Salaried

Status: All

Run By: 120813

Run Date: 11/15/2016 11:06:51 AM

Group By: Employee

| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 3:09 am | 10:39 am | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 11:39 am | 12:09 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 4.00 | 0.00 | $19.50 | $78.00 |
| 12:09 pm | 4:09 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT2.0 | Work | 3.00 | 0.00 | $26.00 | $78.00 |
| 4:09 pm | 7:09 pm | | | | Total: | | 15.00 | 0.00 | | $260.00 |

| Galicia Gonzalez, Sergio | 661612 | | Wed Aug 31 | | Manager Authorized: Yes | | | Employee Authorized: No | | |
|---|---|---|---|---|---|---|---|---|---|---|
| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
| 4:34 am | 11:19 am | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 12:19 pm | 1:34 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 4.00 | 0.00 | $19.50 | $78.00 |
| 1:34 pm | 5:34 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT2.0 | Work | 1.53 | 0.00 | $26.00 | $39.87 |
| 5:34 pm | 7:06 pm | | | | Total: | | 13.53 | 0.00 | | $221.87 |

| Galicia Gonzalez, Sergio | 661612 | | Thu Sep 1 | | Manager Authorized: Yes | | | Employee Authorized: No | | |
|---|---|---|---|---|---|---|---|---|---|---|
| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
| 4:03 am | 10:03 am | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 11:03 am | 1:03 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 3.88 | 0.00 | $19.50 | $75.73 |
| 1:03 pm | 4:56 pm | | | | Total: | | 11.88 | 0.00 | | $179.73 |

| Galicia Gonzalez, Sergio | 661612 | | Fri Sep 2 | | Manager Authorized: Yes | | | Employee Authorized: No | | |
|---|---|---|---|---|---|---|---|---|---|---|
| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
| 3:28 am | 8:28 am | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Reg | Work | 8.00 | 0.00 | $13.00 | $104.00 |
| 9:28 am | 12:28 pm | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | OT1.5 | Work | 2.03 | 0.00 | $19.50 | $39.65 |
| 12:28 pm | 2:30 pm | | | | Total: | | 10.03 | 0.00 | | $143.65 |

| Galicia Gonzalez, Sergio | 661612 | Mon Sep 5 | Manager Authorized: No | Employee Authorized: No |
|---|---|---|---|---|

**SBS**

**Pay Detail Report**

**Dayforce HCM**

Date Range: 7/7/2016 - 11/11/2016
Location: 8793 - SoCal Indio-LBM
Employees: Galicia Gonzalez, Sergio
Details: Employee Daily Details
Options: [None]
Pay Category: All
Pay Code: All
Pay Type: Hourly, Salaried
Status: All

Run By: 120613
Run Date: 11/15/2016 11:06:51 AM
Group By: Employee

| In | Out | Location | Department | Job | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| | | 8793 - SoCal Indio-LBM | 8793-SoCal Indio-LBM | CDL Driver 1 | Hol1.0 | Holiday | 0.00 | 8.00 | $13.00 | $104.00 |
| | | | | | **Total:** | | **0.00** | **8.00** | | **$104.00** |

| | | Pay Category | Pay Code | Department | Job | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|
| | | Reg | Work | 8793-SoCal Indio-LBM | CDL Driver 1 | 280.00 | 0.00 | $13.00 | $3,640.00 |
| | | OT1.5 | Work | 8793-SoCal Indio-LBM | CDL Driver 1 | 126.23 | 0.00 | $19.50 | $2,461.55 |
| | | Weekly OT | Work | 8793-SoCal Indio-LBM | CDL Driver 1 | 15.87 | 0.00 | $19.50 | $309.40 |
| | | OT2.0 | Work | 8793-SoCal Indio-LBM | CDL Driver 1 | 26.43 | 0.00 | $26.00 | $687.27 |
| | | Hol1.0 | Holiday | 8793-SoCal Indio-LBM | CDL Driver 1 | 0.00 | 8.00 | $13.00 | $104.00 |
| Galicia Gonzalez, Sergio | 661612 | | | **Total:** | | **448.53** | **8.00** | | **$7,202.22** |

| 8793 - SoCal Indio-LBM | Pay Category | Pay Code | Hours | Premium | Rate | Amount |
|---|---|---|---|---|---|---|
| | Reg | Work | 280.00 | 0.00 | $13.00 | $3,640.00 |
| | OT1.5 | Work | 126.23 | 0.00 | $19.50 | $2,461.55 |
| | Weekly OT | Work | 15.87 | 0.00 | $19.50 | $309.40 |
| | OT2.0 | Work | 26.43 | 0.00 | $26.00 | $687.27 |
| | Hol1.0 | Holiday | 0.00 | 8.00 | $13.00 | $104.00 |
| | | | **448.53** | **8.00** | | **$7,202.22** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B



Case 5:17-cv-00390-JGB-RAO   Document 1-1   Filed 03/01/17   Page 41 of 61   Page ID #:55

# CERIDIAN

Land... Corporation
720 Park Blvd Suite 115
Boise, ID 83712

919-431-1000

Check Number: 733094804
Pay Frequency: Weekly
Pay Period Dates: 07/16/2016 - 07/22/2016
Tax Freq for this Payment: Weekly

## Employee Information

| | | Tax Type | Tax Jurisdiction | Status | Exem | Adjs | Other Tax Information |
|---|---|---|---|---|---|---|---|
| Sergio Galicia Gonzalez | ID#: 661612 | Federal | | Married | 2 | | |
| 81025 Avenida Davina | SSN: XXX-XX-2737 | State | CA | Married | 2 | | Alt Code 01 |
| Indio, CA 92201 | Pay Type: Hourly | | | | | | |
| | Base Rate: 13.0000 | | | | | | |
| | Dept: 8793-SoCal Indio-LBM | | | | | | |

## Earnings

| Pd Start | Pd End | Description | Pay Rate | Hrs/Units | Earnings | YTD Hrs | YTD Earnings |
|---|---|---|---|---|---|---|---|
| | | Regular | 13.0000 | 40.0000 | 520.00 | 40.0000 | 520.00 |
| | | Overtime | 19.5000 | 18.7340 | 365.30 | 18.7340 | 365.30 |
| | | Double Time | 26.0000 | 5.6000 | 145.60 | 5.6000 | 145.60 |

## Pre-Tax Deductions Withheld

| Description | Sch/Amt | Curr Amt | YTD Amount |
|---|---|---|---|
| | | | |

**Total Pre-Tax**

## Taxes Withheld

| Description | Tx Wages | Curr Amt | YTD Amount |
|---|---|---|---|
| Fed W/H | 1,030.90 | 88.77 | 88.77 |
| MEDICARE TAX EE | 1,030.90 | 14.95 | 14.95 |
| SO SEC TAX EE | 1,030.90 | 63.92 | 63.92 |
| CA DT EE | 1,030.90 | 9.28 | 9.28 |
| CA W/H | 1,030.90 | 14.84 | 14.84 |

**Total Taxes** | | 191.76 | 191.76

## Post-Tax Deductions Withheld

| Description | Sch Amt | Curr Amt | YTD Amount |
|---|---|---|---|
| | | | |

| Total Hours & Earnings | | | 64.3340 | 1,030.90 | 64.3340 | 1,030.90 |

## Other Payroll information

**Total Post-Tax**

## Net-Pay Distribution

| Description | Account Number | Amount |
|---|---|---|
| Check | | 839.14 |

## Messages From Your Employer

## Gross To Net Recap

| | Paid | Pre-Tax Ded | Taxes | Ded | Total Net Pay |
|---|---|---|---|---|---|
| Current | 1,030.90 | 0.00 | 191.76 | 0.00 | 839.14 |
| YTD | 1,030.90 | 0.00 | 191.76 | 0.00 | 839.14 |



**BMC West Corporation**
720 Park Blvd
Suite 115
Boise, ID 83712

CERIDIAN

FORWARDING SERVICE REQUESTED

Sergio Galicia Gonzalez
81025 Avenida Davina
Indio, CA 92201

3

C0733094804003

SEE REVERSE SIDE FOR OPENING INSTRUCTIONS



BMC West Corporation
720 Park Blvd Suite 115
Boise, ID 83712

919-431-1000

Check Number: 733135952
Check Date: 08/05/2016
Pay Frequency: Weekly
Pay Period Dates: 07/23/2016 - 07/29/2016
Tax Freq for this Payment: Weekly

| Employee Information | | Tax Type | Tax Jurisdiction | Status | Exem | Adjs | Other Tax Information |
|---|---|---|---|---|---|---|---|
| Sergio Galicia Gonzalez | ID#: 661612 | Federal | | Married | 2 | | |
| 81025 Avenida Davina | SSN: XXX-XX-2737 | State | CA | Married | 2 | | AR Code 01 |
| Indio, CA 92201 | Pay Type: Hourly | | | | | | |
| | Base Rate: 13.0000 | | | | | | |
| | Dept: 8793-SoCal Indio-LBM | | | | | | |

| Earnings | | | | | | | Pre-Tax Deductions Withheld | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Pd Start | Pd End | Description | Pay Rate | Hrs/Units | Earnings | YTD Hrs | YTD Earnings | Description | Sch/Amt | Curr Amt | YTD Amount |
| | | Regular | 13.0000 | 40.0000 | 520.00 | 30.0000 | 1,040.00 | | | | |
| | | Overtime | 19.5000 | 28.8840 | 563.23 | 47.6180 | 928.53 | | | | |
| | | Double Time | 26.0000 | 1.2670 | 32.93 | 6.8670 | 178.53 | | | | |

| | Total Pre-Tax | | |
|---|---|---|---|

| Taxes Withheld | | | |
|---|---|---|---|
| Description | Tx Wages | Curr Amt | YTD Amount |
| Fed W/H | 1,116.16 | 101.56 | 190.33 |
| MEDICARE TAX EE | 1,116.16 | 16.18 | 31.13 |
| SO SEC TAX EE | 1,116.16 | 69.20 | 133.12 |
| CA DT EE | 1,116.16 | 10.04 | 19.32 |
| CA W/H | 1,116.16 | 18.59 | 33.43 |

| | Total Taxes | 215.57 | 407.33 |
|---|---|---|---|

| Post-Tax Deductions Withheld | | | |
|---|---|---|---|
| Description | Sch Amt | Curr Amt | YTD Amount |

| Total Hours & Earnings | | | 70.1510 | 1,116.16 | 134.4850 | 2,147.06 |
|---|---|---|---|---|---|---|

| Other Payroll information | |
|---|---|

| | Total Post-Tax | | |
|---|---|---|---|

| Net-Pay Distribution | | |
|---|---|---|
| Description | Account Number | Amount |
| Check | | 900.59 |

### Messages From Your Employer

| Gross To Net Recap | Paid | Pre-Tax Ded | Taxes | Ded | Total Net Pay |
|---|---|---|---|---|---|
| Current | 1,116.16 | 0.00 | 215.57 | 0.00 | 900.59 |
| YTD | 2,147.00 | 0.00 | 407.33 | 0.00 | 1,739.73 |

| | Total Current Net Pay | 900.59 |
|---|---|---|

Statement Of Earnings     Detach at perforation below and keep for your records.     A Payroll Service By Ceridian



BMC West Corporation
720 Park Blvd
Suite 115
Boise, ID 83712

CERIDIAN

FORWARDING SERVICE REQUESTED

BMC Weekly 13

Sergio Galicia Gonzalez
81025 Avenida Davina
Indio, CA 92201

C0733135952004

4

SEE REVERSE SIDE FOR OPENING INSTRUCTIONS



**AMC West Corporation**
720 Park Blvd Suite 115
Boise, ID 83712

919-431-1000

Check Date: 08/11/2016
Check Number: 733167652
Pay Frequency: Weekly
Pay Period Dates: 07/30/2016 - 08/05/2016
Tax Freq for this Payment: Weekly

| Employee Information | | Tax Type | Tax Jurisdiction | Status | Exem | Adjs | Other Tax Information |
|---|---|---|---|---|---|---|---|
| Sergio Galicia Gonzalez | ID#: 661612 | Federal | | Married | 2 | | |
| 81025 Avenida Davina | SSN: XXX-XX-2737 | State | CA | Married | 2 | | Alt Code 01 |
| Indio, CA 92201 | Pay Type: Hourly | | | | | | |
| | Base Rate: 13.0000 | | | | | | |
| | Dept: 8793-SoCal Indio-LBM | | | | | | |

### Earnings

| Pd Start | Pd End | Description | Pay Rate | Hrs/Units | Earnings | YTD Hrs | YTD Earnings |
|---|---|---|---|---|---|---|---|
| | | Regular | 13.0000 | 40.0000 | 520.00 | 120.0000 | 1,560.00 |
| | | Overtime | 19.5000 | 21.7170 | 423.47 | 69.3350 | 1,352.00 |
| | | Double Time | 26.0000 | 1.0330 | 26.87 | 7.9000 | 205.40 |

### Pre-Tax Deductions Withheld

| Description | Sch/Amt | Curr Amt | YTD Amount |
|---|---|---|---|
| **Total Pre-Tax** | | | |

### Taxes Withheld

| Description | Tx Wages | Curr Amt | YTD Amount |
|---|---|---|---|
| Fed W/H | 970.34 | 79.69 | 270.02 |
| MEDICARE TAX EE | 970.34 | 14.07 | 45.20 |
| SO SEC TAX EE | 970.34 | 60.16 | 193.28 |
| CA DT EE | 970.34 | 8.74 | 28.06 |
| CA W/H | 970.34 | 12.17 | 45.60 |
| **Total Taxes** | | **174.83** | **582.16** |

| Total Hours & Earnings | | | | 62.7500 | 970.34 | 197.2350 | 3,117.40 |

### Post-Tax Deductions Withheld

| Description | Sch Amt | Curr Amt | YTD Amount |
|---|---|---|---|
| **Total Post-Tax** | | | |

### Other Payroll information

### Net-Pay Distribution

| Description | Account Number | Amount |
|---|---|---|
| Check | | 795.51 |

### Messages From Your Employer

| Gross To Net Recap | Paid | Pre-Tax Ded | Taxes | Ded | Total Net Pay |
|---|---|---|---|---|---|
| Current | 970.34 | 0.00 | 174.83 | 0.00 | 795.51 |
| YTD | 3,117.40 | 0.00 | 582.16 | | |

| | | | 795.51 |



BMC West Corporation
720 Park Blvd
Suite 115
Boise, ID 83712

FORWARDING SERVICE REQUESTED

BMC Weekly Flyer

Sergio Galicia Gonzalez
81025 Avenida Davina
Indio, CA 92201

C0733167652003



**BMC West Corporation**
720 Park Blvd Suite 115
Boise, ID 83712

919-431-1000

Check Date: 08/19/2016
Check Number: 733205945
Pay Frequency: Weekly
Pay Period Dates: 08/06/2016 - 08/12/2016
Tax Freq for this Payment: Weekly

| Employee Information | | Tax Type | Tax Jurisdiction | Status | Exem | Adjs | Other Tax Information |
|---|---|---|---|---|---|---|---|
| Sergio Galicia Gonzalez | ID#: 661612 | Federal | | Married | 2 | | |
| 81025 Avenida Davina | SSN: XXX-XX-2737 | State | CA | Married | 2 | | Alt Code 01 |
| Indio, CA 92201 | Pay Type: Hourly | | | | | | |
| | Base Rate: 13.0000 | | | | | | |
| | Dept: 8793-SoCal Indio-LBM | | | | | | |

## Earnings

| Pd Start | Pd End | Description | Pay Rate | Hrs/Units | Earnings | YTD Hrs | YTD Earnings |
|---|---|---|---|---|---|---|---|
| | | Regular | 13.0000 | 40.0000 | 520.00 | 160.0000 | 2,080.00 |
| | | Overtime | 19.5000 | 17.2830 | 337.03 | 86.6180 | 1,689.03 |
| | | Double Time | 26.0000 | 3.0670 | 79.73 | 10.9670 | 285.13 |

## Pre-Tax Deductions Withheld

| Description | Sch/Amt | Curr Amt | YTD Amount |
|---|---|---|---|
| **Total Pre-Tax** | | | |

## Taxes Withheld

| Description | Tx Wages | Curr Amt | YTD Amount |
|---|---|---|---|
| Fed W/H | 936.76 | 74.65 | 344.67 |
| MEDICARE TAX EE | 936.76 | 13.59 | 58.79 |
| SO SEC TAX EE | 936.76 | 58.08 | 251.36 |
| CA DT EE | 936.76 | 8.43 | 36.49 |
| CA W/H | 936.76 | 10.69 | 56.29 |
| **Total Taxes** | | 165.44 | 747.60 |

## Post-Tax Deductions Withheld

| Description | Sch Amt | Curr Amt | YTD Amount |
|---|---|---|---|
| **Total Post-Tax** | | | |

| Total Hours & Earnings | | | | 60.3500 | 936.76 | 257.5850 | 4,054.16 |

## Other Payroll information

## Net-Pay Distribution

| Description | Account Number | Amount |
|---|---|---|
| Check | | 771.32 |

## Messages From Your Employer

| Gross To Net Recap | Paid | Pre-Tax Ded | Taxes | Ded | Total Net Pay |
|---|---|---|---|---|---|
| Current | 936.76 | 0.00 | 165.44 | 0.00 | 771.32 |



BMC West Corporation
720 Park Blvd
Suite 115
Boise, ID 83712

**CERIDIAN**

FORWARDING SERVICE REQUESTED

BMC Weekly

Sergio Galicia Gonzalez
81025 Avenida Davina
Indio, CA 92201

3

C0733205945003

Case 5:17-cv-00390-JGB-RAO   Document 1-1   Filed 03/01/17   Page 49 of 61   Page ID #:63



**CERIDIAN**

Ceridian Corporation
720 Park Blvd Suite 115
Boise, ID 83712

919-431-1000

Check Date: 08/19/2016
Check Number: 733235184
Pay Frequency: Weekly
Pay Period Dates: 08/13/2016 - 08/19/2016
Tax Freq for this Payment: Weekly

| Employee Information | | | | Tax Type | Tax Jurisdiction | Status | Exem | Adjs | Other Tax Information |
|---|---|---|---|---|---|---|---|---|---|
| Sergio Galicia Gonzalez 81025 Avenida Davina Indio, CA 92201 | ID#: 661612 SSN: XXX-XX-2737 Pay Type: Hourly Base Rate: 13.0000 Dept: 8793-SoCal Indio-LBM | | | Federal State | CA | Married Married | 2 2 | | Alt Code 01 |

### Earnings

| Pd Start | Pd End | Description | Pay Rate | Hrs/Units | Earnings | YTD Hrs | YTD Earnings |
|---|---|---|---|---|---|---|---|
| | | Regular | 13.0000 | 40.0000 | 520.00 | 200.0000 | 2,600.00 |
| | | Overtime | 19.5000 | 19.0840 | 372.13 | 105.7020 | 2,061.16 |
| | | Double Time | 26.0000 | 4.5160 | 117.43 | 15.4830 | 402.56 |

### Pre-Tax Deductions Withheld

| Description | Sch/Amt | Curr Amt | YTD Amount |
|---|---|---|---|
| Total Pre-Tax | | | |

### Taxes Withheld

| Description | Tx Wages | Curr Amt | YTD Amount |
|---|---|---|---|
| Fed W/H | 1,009.56 | 85.57 | 430.24 |
| MEDICARE TAX EE | 1,009.56 | 14.63 | 73.42 |
| SO SEC TAX EE | 1,009.56 | 62.59 | 313.95 |
| CA DT EE | 1,009.56 | 9.08 | 45.57 |
| CA W/H | 1,009.56 | 13.90 | 70.19 |
| Total Taxes | | 185.77 | 933.37 |

### Post-Tax Deductions Withheld

| Description | Sch Amt | Curr Amt | YTD Amount |
|---|---|---|---|
| Total Post-Tax | | | |

| Total Hours & Earnings | | | 63.6000 | 1,009.56 | 321.1850 | 5,063.72 |
|---|---|---|---|---|---|---|

### Other Payroll information

### Net-Pay Distribution

| Description | Account Number | Amount |
|---|---|---|
| Check | | 823.79 |

### Messages From Your Employer

| Gross To Net Recap | Paid | Pre-Tax Ded | Taxes | Ded | Total Net Pay |
|---|---|---|---|---|---|
| Current | 1,009.56 | 0.00 | 185.77 | 0.00 | 823.79 |
| YTD | 5,063.72 | 0.00 | 933.37 | 0.00 | 4,130.35 |

| Total Current Net Pay | 823.79 |
|---|---|

Statement Of Earnings     Detach at perforation below and keep for your records.     A Payroll Service By Ceridian



BMC West Corporation
720 Park Blvd
Suite 115
Boise, ID 83712

FORWARDING SERVICE REQUESTED

Sergio Galicia Gonzalez
81025 Avenida Davina
Indio, CA 92201

C0733235184002

SEE REVERSE SIDE FOR OPENING INSTRUCTIONS



**BMC West Corporation**
720 Park Blvd Suite 115
Boise, ID 83712

919-431-1000

Check Date: 09/02/2016
Check Number: 733272678
Pay Frequency: Weekly
Pay Period Dates: 08/20/2016 - 08/26/2016
Tax Freq for this Payment: Weekly

| Employee Information | Tax Type | Tax Jurisdiction | Status | Exem | Adjs | Other Tax Information |
|---|---|---|---|---|---|---|
| | Federal | | Married | 2 | | |
| | State | CA | Married | 2 | | Alt Code 01 |

Sergio Galicia Gonzalez
81025 Avenida Davina
Indio, CA 92201
ID#: 661612
SSN: XXX-XX-2737
Pay Type: Hourly
Base Rate: 13.0000
Dept: 8793-SoCal Indio-LBM

### Earnings

| Pd Start | Pd End | Description | Pay Rate | Hrs/Units | Earnings | YTD Hrs | YTD Earnings |
|---|---|---|---|---|---|---|---|
| | | Regular | 13.0000 | 40.0000 | 520.00 | 240.0000 | 3,120.00 |
| | | Overtime | 19.5000 | 19.6340 | 382.85 | 125.3360 | 2,444.01 |
| | | Double Time | 26.0000 | 6.4170 | 166.83 | 21.9000 | 569.39 |
| | | *BLIFR | | | 0.69 | | 0.69 |
| | | *ADDR | | | 0.14 | | 0.14 |

### Pre-Tax Deductions Withheld

| Description | Sch/Amt | Curr Amt | YTD Amount |
|---|---|---|---|
| **Total Pre-Tax** | | | |

### Taxes Withheld

| Description | Tx Wages | Curr Amt | YTD Amount |
|---|---|---|---|
| Fed W/H | 1,069.68 | 94.59 | 524.83 |
| MEDICARE TAX EE | 1,069.68 | 15.51 | 88.93 |
| SO SEC TAX EE | 1,069.68 | 66.32 | 380.27 |
| CA DT EE | 1,069.68 | 9.63 | 55.20 |
| CA W/H | 1,069.68 | 16.54 | 86.73 |
| **Total Taxes** | | 202.59 | 1,135.96 |

### Post-Tax Deductions Withheld

| Description | Sch Amt | Curr Amt | YTD Amount |
|---|---|---|---|
| **Total Post-Tax** | | | |

| Total Hours & Earnings | | | | 66.0510 | 1,069.68 | 387.2360 | 6,133.40 |

### Other Payroll information

### Net-Pay Distribution

| Description | Account Number | Amount |
|---|---|---|
| Check | | 867.09 |

### Messages From Your Employer

*Indicates Taxable Benefit or Memo, not included in Totals

### Gross To Net Recap

| | Paid | Pre-Tax Ded | Taxes | Ded | Total Net Pay |
|---|---|---|---|---|---|
| Current | 1,069.68 | 0.00 | 202.59 | 0.00 | 867.09 |



BMC West Corporation
720 Park Blvd
Suite 115
Boise, ID 83712

CERIDIAN

FORWARDING SERVICE REQUESTED

8793 - SoCal-Indio-LBM
BMC Weekly13

Sergio Galicia Gonzalez
81025 Avenida Davina
Indio, CA 92201

C0733272678003

3

**BMC West Corporation**
720 Park Blvd
Suite 115
Boise, ID 83712
919-431-1000

Check Number: 217020
Pay Frequency: Weekly
Pay Period Dates: 08/27/2016 - 09/02/2016
Tax Freq for this Payment: Weekly

| Employee Information | | Tax Type | Tax Jurisdiction | Status | Exem | Adjs | Other Tax Information |
|---|---|---|---|---|---|---|---|
| Sergio Galicia Gonzalez | ID#: 661612 | Federal | | Married | 2 | $0.00 | |
| 81025 Avenida Davina | SSN#: XXX-XX-2737 | State | CA | Married | 2 | | Alt Code 01 |
| Indio, CA 92201 | Pay Type: Hourly | | | | | | |
| | Base Rate: 13.0000 | | | | | | |
| | Dnnl - 8793-SoCal Indin | | | | | | |

### Earnings

| Pd Start | Pd End | Description | PayRate | Hrs/Units | Earnings | YTD Hrs | YTD Earnings |
|---|---|---|---|---|---|---|---|
| | | Regular | 13.0000 | 40.0000 | 520.00 | 280.0000 | 3640.00 |
| | | Overtime | 19.5000 | 16.7700 | 327.02 | 142.1060 | 2771.03 |
| | | Double Time | 26.0000 | 5.0000 | 130.00 | 26.9000 | 699.39 |
| | | *BLIFR | | | 0.69 | | 1.38 |
| | | *ADDR | | | 0.14 | | 0.28 |

### Pre-Tax Deductions Withheld

| Description | Sch/Amt | Curr Amt | YTD Amount |
|---|---|---|---|
| Total Pre-Tax | | 0.00 | 0.00 |

### Taxes Withheld

| Description | Tx Wages | Curr Amt | YTD Amount |
|---|---|---|---|
| Fed W/H | 977.02 | 30.69 | 605.52 |
| SO SEC TAX EE | 977.02 | 60.58 | 440.85 |
| MEDICARE TAX EE | 977.02 | 14.17 | 103.10 |
| CA W/H | 977.02 | 12.47 | 99.20 |
| CA DT EE | 977.02 | 8.79 | 63.99 |
| Total Taxes | | 176.70 | 1312.66 |

### Post-Tax Deductions Withheld

| Description | Sch/Amt | Curr Amt | YTD Amount |
|---|---|---|---|
| | | | |

| Total Hours and Earnings | | | | | 61.7700 | 977.02 | 449.0060 | 7110.42 |
|---|---|---|---|---|---|---|---|---|

### Other Payroll Information

Site    8793 - SoCal Indin

### Messages from your Employer

*Indicates Taxable Benefit or Memo, not included in Totals

| Total Post-Tax | | 0.00 | 0.00 |
|---|---|---|---|

### Net-Pay Distribution

| Description | Account Number | Amount |
|---|---|---|
| Check | | 800.32 |
| Total Current Net Pay | | 800.32 |

### Gross To Net Recap

| | Paid | Pre-Tax | Taxes | Deductions | Total Net Pay |
|---|---|---|---|---|---|
| Current | 977.02 | 0.00 | 176.70 | 0.00 | 800.32 |
| YTD | 7110.42 | 0.00 | 1312.66 | 0.00 | 5797.76 |

**Statement Of Earnings**    Detach at perforation below and keep for your records.



BANK OF AMERICA, N.A.
WEST RETURN ITEMS

Page 001 of 001                    H
Bank    : 00318
Center :
Divider: 17,257
Code    : 5 M



>006230 6737283 0001 008239 10Z
**SERGIO GONZALEZ SOLE PROP**
**DBA,BRINKITOS LITTLE JUMPS**
**45859 RUTGERS ST**
**INDIO  CA    92201-4900**
**US**

Deposit account:xxxxxxxxxx3582
Charge account :xxxxxxxxxx3582
Store/Reference:00000000000000

Date of Notice: 09-08-2016

Dear Valued Customer:

We're writing to notify you that the item or items listed below, which were deposited
to your account, have been returned unpaid. As a result, we've deducted them from your
account. Please adjust your account records by subtracting the total shown below.

Number of returned items:                1
Amount of returned item(s):          800.32
Return items fee:                     12.00
Total:                               812.32

| Sequence/ Dep Date | ABA Number/ Dep Amount | Maker Name/ Check Date | Return Reason/ Additional Data | Amount |
|---|---|---|---|---|
| 2235102307 | 0531-0156 | | Refer to Maker | 800.32 |
| 9/6/2016 | 800.32 | | | |

If you have any questions or need additional information, please contact one of our
Customer Service Representatives at 1.800.432.1000. We appreciate your business and
look forward to serving you in the future.

Sincerely,
Returns & Exceptions




*111012822*
09/08/2016
6889964001

This is a LEGAL COPY of your
check. You can use it the same
way you would use the original
check

RETURN REASON-S
REFER TO MAKER

*20230001*
*17257*
*1*
*05297*

REFER TO MAKER



↓Do not endorse or write below this line ↓




**CERIDIAN**

BMC West Corporation
720 Park Blvd Suite 115
Boise, ID 83712
919-431-1000

Check Date: 09/09/2016
Check Number: 733302141
Pay Frequency: Weekly
Pay Period Dates: 08/27/2016 - 09/02/2016
Tax Freq for this Payment: Weekly

## Employee Information

| | | | Tax Type | Tax Jurisdiction | Status | Exem | Adjs | Other Tax Information |
|---|---|---|---|---|---|---|---|---|
| Sergio Galicia Gonzalez | ID#: 661612 | | Federal | | Married | 2 | | |
| 81025 Avenida Davina | SSN: XXX-XX-2737 | | State | CA | Married | 2 | | |
| Indio, CA 92201 | Pay Type: Hourly | | | | | | | Alt Code 01 |
| | Base Rate: 13.0000 | | | | | | | |
| | Dept: 8793-SoCal Indio-LBM | | | | | | | |

## Earnings

| Pd Start | Pd End | Description | Pay Rate | Hrs/Units | Earnings | YTD Hrs | YTD Earnings |
|---|---|---|---|---|---|---|---|
| | | Regular | 13.0000 | 40.0000 | 520.00 | 320.0000 | 4,160.00 |
| | | Overtime | 19.5000 | 16.7660 | 326.95 | 158.8720 | 3,097.98 |
| | | Double Time | 26.0000 | 4.5330 | 117.87 | 31.4330 | 817.26 |
| | | *BLIFR | | | 0.69 | | 2.07 |
| | | *ADDR | | | 0.14 | | 0.42 |
| | | **Total Hours & Earnings** | | 61.2990 | 964.82 | 510.3050 | 8,075.24 |

## Pre-Tax Deductions Withheld

| Description | Sch/Amt | Curr Amt | YTD Amount |
|---|---|---|---|
| **Total Pre-Tax** | | | |

## Taxes Withheld

| Description | Tx Wages | Curr Amt | YTD Amount |
|---|---|---|---|
| Fed W/H | 964.82 | 78.86 | 684.38 |
| MEDICARE TAX EE | 964.82 | 13.99 | 117.59 |
| SO SEC TAX EE | 964.82 | 59.81 | 500.66 |
| CA DT EE | 964.82 | 8.69 | 72.68 |
| CA W/H | 964.82 | 11.93 | 111.13 |
| **Total Taxes** | | 173.28 | 1,485.94 |

## Post-Tax Deductions Withheld

| Description | Sch Amt | Curr Amt | YTD Amount |
|---|---|---|---|
| **Total Post-Tax** | | | |

## Other Payroll Information

## Net-Pay Distribution

| Description | Account Number | Amount |
|---|---|---|
| Check | | 791.54 |

## Messages From Your Employer

*Indicates Taxable Benefit or Memo, not included in Totals

## Gross To Net Recap

| | Paid | Pre-Tax Ded | Taxes | Ded | Total Net Pay |
|---|---|---|---|---|---|
| Current | 964.82 | 0.00 | 173.28 | 0.00 | 791.54 |



**BMC West Corporation**
720 Park Blvd
Suite 115
Boise, ID 83712

SAN BERNARDINO
CA 924

CERIDIAN

neopost
09/12/2016
US POSTAGE

FIRST-CLASS

$00.4

ZIP 9220
041L10221

**FORWARDING SERVICE REQUESTED**

8793 - SoCal Indio-LBM

BMC Weekly 13

C

**Sergio Galicia Gonzalez**
81025 Avenida Davina
Indio, CA 92201

92201-289725

C0733302141003

3



**BMC West Corporation**
720 Park Blvd Suite 115
Boise, ID 83712

919-431-1000

Check Date: 09/16/2016
Check Number: 733338007
Pay Frequency: Weekly
Pay Period Dates: 09/03/2016 - 09/09/2016
Tax Freq for this Payment: Weekly

| Employee Information | | | | Tax Type | Tax Jurisdiction | Status | Exem | Adjs | Other Tax Information |
|---|---|---|---|---|---|---|---|---|---|
| rgio Galicia Gonzalez | | ID#: 661612 | | Federal | | Married | 2 | | |
| 025 Avenida Davina | | SSN: XXX-XX-2737 | | State | CA | Married | 2 | | Alt Code 01 |
| lo, CA 92201 | | Pay Type: Hourly | | | | | | | |
| | | Base Rate: 13.0000 | | | | | | | |
| | | Dept: 8793-SoCal Indio-LBM | | | | | | | |

| Earnings | | | | | | | | Pre-Tax Deductions Withheld | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Pd Start | Pd End | Description | Pay Rate | Hrs/Units | Earnings | YTD Hrs | YTD Earnings | Description | Sch/Amt | Curr Amt | YTD Amount |
| | | Regular | | | | 320.0000 | 4,160.00 | | | | |
| | | Holiday | 13.0000 | 8.0000 | 104.00 | 8.0000 | 104.00 | | | | |
| | | Overtime | | | | 158.8720 | 3,097.98 | | | | |
| | | Double Time | | | | 31.4330 | 817.26 | | | | |
| | | *BLIFR | | | | 0.69 | 2.76 | | | | |
| | | *ADDR | | | | 0.14 | 0.56 | | | | |

| | | | |
|---|---|---|---|
| **Total Pre-Tax** | | | |

| Taxes Withheld | | | |
|---|---|---|---|
| Description | Tx Wages | Curr Amt | YTD Amount |
| Fed W/H | 104.00 | | 684.38 |
| MEDICARE TAX EE | 104.00 | 1.51 | 118.60 |
| SO SEC TAX EE | 104.00 | 6.45 | 507.11 |
| CA DT EE | 104.00 | 0.93 | 73.61 |
| CA W/H | 104.00 | | 111.13 |
| **Total Taxes** | | **8.89** | **1,494.83** |

| Post-Tax Deductions Withheld | | | |
|---|---|---|---|
| Description | Sch Amt | Curr Amt | YTD Amount |

| Total Hours & Earnings | | | | 8.0000 | 104.00 | 518.3050 | 8,179.24 | | | | |

| Other Payroll information | | | | | | **Total Post-Tax** | | |
|---|---|---|---|---|---|---|---|---|

| Net-Pay Distribution | | |
|---|---|---|
| Description | Account Number | Amount |
| Check | | 95.11 |

**Messages From Your Employer**

* indicates Taxable Benefit or Memo, not included in Totals

| Gross To Net Recap | Paid | Pre-Tax Ded | Taxes | Ded | Total Net Pay |
|---|---|---|---|---|---|
| Current | 104.00 | 0.00 | 8.89 | 0.00 | 95.11 |
| YTD | 8,179.24 | 0.00 | 1,494.83 | 0.00 | 6,684.41 |

| Total Current Net Pay | 95.11 |
|---|---|

Statement Of Earnings          Detach at perforation below and keep for your records.          A Payroll Service By Ceridian

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Gregg A. Farley (SBN 115593)<br>Law Offices of Gregg A. Farley<br>880 Apollo St., Suite 222<br>El Segundo, CA 90245 | |

TELEPHONE NO.: 310-445-4024   FAX NO.: 310-445-4109
ATTORNEY FOR *(Name):* Plaintiff Sergio Galicia Gonzalez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Riverside
STREET ADDRESS: 4050 Main St.
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 92501-3703
BRANCH NAME: Civil Department

CASE NAME:
Sergio Galicia Gonzalez v. BMC West Corp. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | RIC 1701005<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [✓] Substantial amount of documentary evidence
d. [✓] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 19, 2017
Gregg A. Farley
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov