R. BRIAN DIXON, Bar No. 076247
bdixon@littler.com
LAURA E. HAYWARD, Bar No 204014
lhayward@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: 415.433.1940
Facsimile: 415.399.8490

DOUGLAS A. WICKHAM, Bar No. 127268
dwickham@littler.com
RADHA D.S. KULKARNI, Bar No. 293996
rkulkarni@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Facsimile: 213.443.4299

Attorneys for Defendant
BMC WEST, LLC

(ATTORNEY INFORMATION
CONTINUED ON NEXT PAGE)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO GALICIA GONZALEZ, an individual, appearing on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BMC WEST, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 5:17-CV-00390 JGB (RAOx)<br><br>ASSIGNED TO HON. ROZELLA A. OLIVER<br><br>**DISCOVERY MATTER**<br><br>**AMENDED STIPULATION RE PROTECTIVE ORDER**<br><br>Complaint Filed: January 20, 2017<br>FAC Filed: May 8, 2017 |

GREGG A. FARLEY (State Bar No. 115593)
gfarley@farleyfirm.com
LAW OFFICES OF GREGG A. FARLEY
880 Apollo Street, Suite 222
El Segundo, California 90245
Telephone: (310) 445-4024
Facsimile: (310) 445-4109

SAHAG MAJARIAN II (State Bar No. 146621)
sahagii@aol.com
LAW OFFICES OF SAHAG MAJARIAN
18250 Ventura Blvd.
Tarzana, California 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892

Attorneys for Plaintiff SERGIO GALICIA
GONZALEZ, appearing on behalf of
himself and all others similarly situated

# I. PURPOSE OF STIPULATION AND PROTECTIVE ORDER

The parties to this action anticipate that the discovery phase of this matter may involve the disclosure of material protected under the constitutional, statutory, or common law right to privacy or protected as confidential business, financial, proprietary, or trade secret information. Without waiving any objections to the discoverability of any such information, it is the parties' intention to provide a mechanism by which discovery of relevant information, otherwise not objectionable, may be obtained in a manner which protects all parties, including non-parties and third parties to this litigation, from the risk of disclosure of such confidential information. Accordingly, the parties, by and through their respective counsel, hereby by stipulate to, and seek the Court's approval of, the following Protective Order.

# II. DEFINITIONS

1. <u>Party</u>. "Party" means any of the parties to this action, their affiliates, and their respective officers, directors, and employees.

2. <u>Counsel</u>. "Counsel" means:

    a.    Littler Mendelson, a professional corporation, and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Confidential Information for the purpose of this action;

    b.    Law Offices Of Gregg A. Farley, and Law Offices Of Sahag Majarian, and their respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Confidential Information for the purpose of this action;

3. <u>Confidential or Confidential Information</u>. For the purposes of this Protective Order, the term "Confidential" or "Confidential Information" is information that has not been made public or is not otherwise available or accessible in the public domain and that concerns or relates to the confidential or proprietary information of: (1) defendant BMC West LLC ("Defendant"); (2) plaintiff Sergio Galicia Gonzalez

("Plaintiff"); or (3) any third parties, the disclosure of which information is likely to have the effect of causing harm to the competitive position of Defendant or to the organization or person from whom the information was obtained, or to the parties' privacy. Confidential Information also includes private information pertaining to Defendant's or a third party's employees, for which Defendant or a third party has a duty to maintain the confidentiality of such information. Information designated Confidential may be used only in connection with this proceeding, and not for any other purpose. Such information may not be disclosed to anyone except as provided in this Order.

III. DESIGNATION OF PROTECTED INFORMATION

5. In connection with discovery proceedings in this action, the Parties may reasonably designate any appropriate document, thing, material, testimony or other information derived therefrom, as Confidential under the terms of this Protective Order (hereinafter "Protective Order"). By designating a document, thing, material, testimony, or other information derived therefrom as Confidential, the Party making the designation is certifying to the Court that there is a good-faith basis both in law and fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

6. Confidential documents shall be so designated by stamping each page of the document produced to a Party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the face of a CD-ROM, DVD, or other computer disk or electronic storage device shall designate all contents therein as Confidential, unless otherwise indicated by the producing party.

7. Testimony taken at a deposition, conference, hearing or trial may be designated as Confidential by making a statement to that effect on the record at the deposition or other proceeding or, in the case of a deposition, such designation may be made within thirty (30) days after the receipt of the deposition transcript. Arrangements shall be made with the court reporter taking and transcribing such

proceeding to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately. During the thirty (30) day period, all such deposition transcripts shall be treated as if it had been designated as Confidential.

8. Material designated as Confidential under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential (collectively, "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

9. Confidential Material produced pursuant to this Protective Order and marked solely as "Confidential" may be disclosed or made available only to:

a. the Court; a jury, arbitrator, or other trier or determiner of fact in this action; a mediator who has been mutually agreed upon by the Parties;

b. Counsel for a Party (including the paralegal, clerical, and secretarial staff employed by such Counsel);

c. a Party, or an officer, director, or employee of a Party deemed necessary by Counsel to aid in the prosecution, defense, or settlement of this action;

d. experts or consultants (together with their clerical staff) retained by such Counsel to assist in the prosecution, defense, or settlement of this action, except that such experts and consultants shall not be employees of any Party or currently or previously under contract with any Party (except any retention agreement relating to such experts or consultants as experts or consultants in this action), or previously affiliated or associated in any way with any Party;

e. court reporter(s) employed in this action;

f. a witness at any deposition or other proceeding in this action; and

g. any other person as to whom the Parties in writing agree.

Prior to receiving any Confidential Material, any person that falls into Category "d" above, shall be provided with a copy of this Protective Order and shall execute a

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Nondisclosure Agreement in the form of Attachment A prior to receiving any Confidential Material. The fully-executed Nondisclosure Agreement shall be retained by Counsel for the Party disclosing such Confidential Material to any person that falls into Category "d" above.

10. Where testimony at a deposition involves disclosure of Confidential Material, such deposition shall be taken only in the presence of the individuals identified in paragraph 9, subject to the requirements of paragraph 9's requirement of the execution of a Non-Disclosure Agreement.

11. Nothing herein shall impose any restrictions on the use or disclosure by a Party of material obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate; provided, however, if a Party has obtained any such material pursuant to a separate confidentiality agreement or other legal obligation of confidentiality, that Party shall continue to adhere to such confidentiality obligations. Nothing in this Protective Order shall be deemed to restrict in any way any Party's own documents or information, or the Party's attorneys with respect to that Party's own documents or information.

12. If a Party wishes to file documents with the Court which have been designated "CONFIDENTIAL" by another Party or Third Party pursuant to this Protective Order, the Party shall comply with Local Rule 79-5.

13. In the event that any Confidential Material is used in any Court proceeding in this action, it shall not lose its Confidential status through such use and the Party using such Confidential Material, shall take all reasonable steps to maintain its confidentiality during such use.

14. This Protective Order shall be without prejudice to the rights of the Parties or any other Third Party (a) to bring before the Court at any time the question of whether any particular document or information is Confidential or whether its use should be restricted, or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c)

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

15.   If a Party wishes to challenge the designation of materials stamped "CONFIDENTIAL," the Challenging Party shall notify the Designating Party in writing of the documents and basis for the challenge.   The Designating Party shall respond in writing within five (5) business days thereafter.   If any disputes remain, the parties shall meet and confer within four (4) business days of the Designating Party's response in an effort to resolve such disputes.   If any disputes remain unresolved, the Challenging Party shall bring a motion seeking to remove the confidentiality designation pursuant to Local Rule 37.   The Designating Party shall provide its portion of a joint stipulation to the Challenging Party pursuant to Local Rule 37-2.2 within five (5) business days after the parties meet and confer.   Such motion shall thereafter be governed by Local Rule 37-2.2 through 37-4.   This Protective Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Protective Order.

16.   This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process.   Nothing in this Protective Order nor in the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of any admission or waiver by any Party or any Third Party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any Party or any Third Party or the absence thereof, or to impact in any way a Party's right to object to any discovery requests on any grounds, including attorney-client privilege, work product immunity, or any other protection provided under the law.

17.   While this Stipulation is for the Court's consideration and approval as an order, it shall also be construed to create a contract between the Parties or between the

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Parties and their respective counsel.

18. This Protective Order shall survive the final termination of this action and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this action, Counsel for the Parties shall assemble and return to each other all documents, materials, and deposition transcripts designated as Confidential. Alternatively, Counsel may agree to destroy all documents, materials, and deposition transcripts designated as Confidential, and provide written affirmation of such to opposing Counsel. Notwithstanding the above, Counsel for the Parties shall keep one copy of Confidential materials for their client files, which shall remain subject to the prohibitions in this Stipulation against disclosure.

19. This Stipulation and Order may be executed in one or more identical counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures of any Party upon the signature page of this Stipulation and Order shall be binding upon the Parties hereto and may be submitted as though such signatures were original signatures.

20. In the event a party inadvertently discloses or produces any Confidential materials without designation, such inadvertent disclosure does not constitute a waiver of confidentiality status. A party may designate such documents/information Confidential within a reasonable time after such inadvertent disclosure.

21. If a party wishes to use another party's "confidential" documents at trial, the party shall advise the other party's counsel prior to offering the documents, with advance notice if reasonably practicable. The proponent of confidentiality then may move to file the documents under seal. The proponent also may move the Court to restrict access to the courtroom while the "confidential" documents are discussed. The other parties need not join in such motions.

22. In the event that a party is served with a subpoena by any person, firm,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

corporation, or other entity who is not a party to this action, is not a signatory to this Order, or otherwise is not bound by this Order, which seeks to compel production of Confidential documents, the party upon whom the subpoena is served shall give written notice of the subpoena to the party who has asserted that the information or documents sought by the subpoena is Confidential. The written notice required by this Paragraph shall be given no later than seven (7) days after receipt of the subpoena, or before the production date set forth in the subpoena, whichever is earlier. The party who designated the subject information or documents as Confidential shall have the responsibility to obtain from the Court an order quashing the subpoena, a protective order, and/or such other relief as will protect the confidential nature of the subject information or documents. If such a motion is filed before the requested production date, the party upon whom the subpoena, discovery request, or order is served shall not produce the subject information or documents requested in the subpoena, discovery request, or order until after such time as the Court rules on the motion to quash the subpoena or motion for protective order. If an order quashing the subpoena or motion for protective order is obtained, the party upon whom the subpoena, discovery request, or order is served shall comply with the order. If no motion to quash or motion for protective order is filed before the scheduled production date set forth in the subpoena, discovery request, or order, or if the motion to quash the subpoena or motion for protective order is denied, the party upon whom the subpoena, discovery request, or order is served may comply with the same without being deemed to have violated this Order.

23. This Stipulated Protective Order may be modified only if such modification is in writing, signed by the parties, and approved by an order of the Court.

**IT IS SO STIPULATED.**

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Dated:   July 31, 2017

                                        /s/ Radha D.S. Kulkarni
                                        DOUGLAS A. WICKHAM
                                        RADHA D.S. KULKARNI
                                        LITTLER MENDELSON
                                        A Professional Corporation
                                        Attorneys for Defendants
                                        BMC WEST, LLC


Dated:   August 9, 2017

                                        /s/ Gregg A. Farley
                                        GREGG A. FARLEY
                                        LAW OFFICES OF GREGG A.
                                        FARLEY
                                        Attorneys for Plaintiff
                                        SERGIO GALICIA GONZALEZ


Dated:   August 9, 2017

                                        /s/ Sahag Marjarian II
                                        SAHAG MAJARIAN II
                                        LAW OFFICES OF SAHAG
                                        MAJARIAN
                                        Attorneys for Plaintiff
                                        SERGIO GALICIA GONZALEZ


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:_____9/05/2017_____


                                        _____
                                        HON. ROZELLA A. OLIVER
                                        United States Magistrate Judge

## Attachment A

## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulation and Protective Order entered in SERGIO GALICIA GONZALEZ v. BMC WEST, LLC., United States District Court for the Central District of California, Civil Action No. 5:17-cv-00390-JGB (RAOx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Protective Order.

Dated: _____

_____

Name:_____

Address:_____

_____

Firmwide:149159303.3 064930.1016

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300