Gregg A. Farley (State Bar No. 115593)
Email: gfarley@farleyfirm.com
LAW OFFICES OF GREGG A. FARLEY
880 Apollo Street, Suite 222
El Segundo, California 90245
Telephone: (310) 445-4024
Facsimile: (310) 445-4109

Attorneys for Plaintiff Sergio Galicia Gonzalez

Robert W. Skripko, Jr. (State Bar No. 151226)
Email: rwskripko@skripkolaw.com
LAW OFFICE OF ROBERT W. SKRIPKO, JR., PC
38 Corporate Park
Irvine, California 92606
Telephone: (949) 476-2000
Facsimile: (949) 476-2007

Attorneys for Plaintiffs Ernesto Jimenez, Luis Pimentel, Jorge Garcia, Miguel Martinez and Agustin Aguilar [Counsel continued on last page below]

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO GALICIA GONZALEZ, an individual, appearing on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BMC WEST, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.: 5:17-cv-00390-JGB (RAOx) (Consolidated with Case No. 5:17-cv-00571-JGB (RAOx))<br><br>**DECLARATION OF SAHAG MAJARIAN, II, IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: May 7, 2018<br>Time: 9:00 a.m.<br>Ctrm: 1 |

# DECLARATION OF SAHAG MAJARIAN, II

I, Sahag Majarian, II, hereby declare as follows:

1. I am an attorney at law licensed to practice in the State of California and before this Court. I am also the principal of the Law Offices of Sahag Majarian, co-counsel for Plaintiff Sergio Galicia Gonzalez ("Plaintiff") and proposed Class Counsel in the above-captioned Consolidated Action. I make this declaration based on my own personal knowledge and, if called to testify as a witness, could and would testify competently to the facts stated herein.

Qualifications to Act as Class Counsel

2. I have been practicing law in the State of California since June 1990, and I have acted as class counsel in numerous wage and hour class actions certified in the past by both state and federal courts. I am therefore experienced in the type of class action litigation involving violations of California's wage and hour laws.

3. A partial list of the wage and hour class actions in which I have been appointed by state and federal courts to act as class counsel includes the following:

   a. *Granados v. Bimbo Bakeries USA, Inc.*, United States District Court, Central District of California, Case No. CV 09-07329 DMG;

   b. *Cardenal v. Crothall Healthcare Inc.*, United States District Court, Central District of California, Case No. CV 11-4145 DSF;

   c. *Montalvo v. Werner Enterprises, Inc.*, United States District Court, Central District of California, Case No. EDCV 11-294 MMM;

   d. *Jose Alejandro Orellana Martinez v. Air Express International USA, Inc.*, U.S. District Court for the Central District of California, Case No. CV12-2994DSF (PJWx);

e. *Alejandro C. Sequeria Ruiz v. JCP Logistics, Inc.*, United States District Court for the Central District of California, Case No. CV13-01908JLS (ANx);

f. *Moraza v. OK International, Inc., et al.*, Orange County Superior Court, Case No. 06CC00148;

g. *Pleitez v. Johnson Controls, Inc., et al.*, Los Angeles County Superior Court, Case No. BC353315;

h. *Urbina v. Valley Crest Tree Co., et al.*, Los Angeles County Superior Court, Case No. BC356023;

i. *Dominguez et al. v. Longwood Management Corp.*, Los Angeles County Superior Court, Case No. BC365417;

j. *Ramirez v. Parkhouse Fire Service, Inc.*, Los Angeles County Superior Court, Case No. BC357844;

k. *Nieves v. Roy's Worldwide, Inc.*, Orange County Superior Court, Case No. 06CC0076;

l. *Corado v. Goodyear Rubber Co.*, San Bernardino County Superior Court, Case No. RCVRS095476;

m. *Serrano v. BCI Coca Cola Bottling Co. of Los Angeles*, Los Angeles County Superior Court, Case No. BC349904;

n. *DeLuna v. Target Corp.*, Los Angeles County Superior Court, Case No. BC353080;

o. *McCoy v. Kimko*, Orange County Superior Court, Case No. 07CC00007;

p. *Gomez v. Spenuzza, Inc.*, Riverside County Superior Court, Case No. RIC524075;

q. *Ortiz v. Parking Concepts, Inc.*, Los Angeles County Superior Court, Case No. BC374713;

  r. *Marroquin v. Swissport, etc., et al.*, Los Angeles County Superior Court, Case No. BC390001;

  s. *Lozano et al. v. Forever 21, Inc., et al.*, Los Angeles County Superior Court, Case No. BC413330;

  t. *Ponce et al. v. Golden State Overnight Delivery Service, Inc.*, Santa Barbara County Superior Court, Case No. 1304491; and

  u. *Guzman et al. v. Ready Pac Produce, Inc.*, Los Angeles County Superior Court, Case No. BC404172.

<u>The Settlement Is Fair, Reasonable and Adequate for the Class</u>

  4. As mentioned above, the foregoing is only a partial list of the wage and hour class actions in which I have been involved as approved class counsel during the last decade. Indeed, since approximately 2006, I have participated in over one hundred (100) successful mediations for the settlement of wage and hour class actions. Through this experience, I have become familiar with the settlement valuations placed upon wage and hour claims and with the typical range of class compensation in such wage and hour settlements. Based on my experience as proposed Class Counsel, I believe that the proposed settlement is fair, reasonable and adequate for the Class, in light of the factors identified in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Specifically, I believe the settlement is fair, reasonable and adequate in view of (i) the strength of Plaintiffs' claims and Defendant's defenses, (ii) the risk, expense, complexity and likely duration of further litigation, (iii) the risk and difficulty of obtaining class certification and maintaining class action status through trial, (iv) the gross amount of $4,550,000 offered in settlement, (v) the discovery conducted by the parties in this case, (vi) my experience with similar settlements in wage and hour class actions that have received court approval,

and (vii) the fact that the Settlement Agreement was the result of vigorous negotiations between experienced counsel.

Fee Sharing Agreement

5. At the time Plaintiff Gonzalez retained myself and my co-counsel, Gregg A. Farley, as proposed Class Counsel, Mr. Farley and I entered into a written fee sharing agreement with Mr. Gonzalez in which it was agreed that sixty percent (60%) of any attorney's fees recovered collectively by Mr. Farley and myself would be owed and paid to Mr. Farley and the remaining forty percent (40%) would be owed and paid to myself. In addition, in mid-October 2017, all Class Counsel and all Plaintiffs entered into a written fee sharing agreement in which it was agreed that any and all attorney's fees awarded and recovered collectively by Class Counsel in this Consolidated Action would be divided equally, so that fifty percent (50%) would be owed and paid collectively to Mr. Farley and myself and the remaining fifty percent (50%) would be owed and paid collectively to the remaining Class Counsel consisting of Paul J. Denis and Ethan E. Rasi of Denis & Rasi, PC, and Robert W. Skripko, Jr. of the Law Offices of Robert W. Skripko, Jr., PC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 11, 2018.

_____
Sahag Majarian, II

Counsel continued:

Paul J. Denis (State Bar No. 279026)
Email: pdenis@denisrasilaw.com
Ethan E. Rasi (State Bar No. 289848)
Email: erasi@denisrasilaw.com
DENIS & RASI, PC
38 Corporate Park
Irvine, California 92606

Attorneys for Plaintiffs Ernesto Jimenez, Luis Pimentel, Jorge Garcia, Miguel Martinez and Agustin Aguilar, appearing individually and in a representative capacity

Sahag Majarian, II (State Bar No. 146621)
Email: sahagii@aol.com
Law Offices of Sahag Majarian, II
18250 Ventura Blvd.
Tarzana, California 91356

Attorneys for Plaintiff Sergio Galicia Gonzalez, appearing individually and in a representative capacity

MAJARIAN DECLARATION IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 6