Gregg A. Farley (State Bar No. 115593)
Email: gfarley@farleyfirm.com
LAW OFFICES OF GREGG A. FARLEY
880 Apollo Street, Suite 222
El Segundo, California 90245
Telephone: (310) 445-4024
Facsimile: (310) 445-4109

Attorneys for Plaintiff Sergio Galicia Gonzalez

Robert W. Skripko, Jr. (State Bar No. 151226)
Email: rwskripko@skripkolaw.com
LAW OFFICE OF ROBERT W. SKRIPKO, JR., PC
38 Corporate Park
Irvine, California 92606
Telephone: (949) 476-2000
Facsimile: (949) 476-2007

Attorneys for Plaintiffs Ernesto Jimenez, Luis Pimentel, Jorge Garcia, Miguel Martinez and Agustin Aguilar

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO GALICIA GONZALEZ, an individual, appearing on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>        vs.<br><br>BMC WEST, LLC, a Delaware limited liability company,<br><br>        Defendant. | Case No.: 5:17-cv-00390-JGB (RAOx)<br>(Consolidated with Case No. 5:17-cv-00571-JGB (RAOx))<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:   May 7, 2018<br>Time:   9:00 a.m.<br>Ctrm:   1 |

# ORDER

Pursuant to Federal Rule of Civil Procedure 23(e), Plaintiffs Sergio Galicia Gonzalez, Ernesto Jimenez, Luis Pimental, Jorge Garcia, Miguel Martinez and Agustin Aguilar ("Plaintiffs" or "Class Representatives") seek an order approving the settlement of the above-captioned Consolidated Action in accordance with the terms of the Joint Stipulation of Class Action Settlement and Release ("Joint Stipulation" or "Settlement Agreement").  Having read and considered the Settlement Agreement and Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement, and having read and considered all of the other pleadings, papers, and filings in this matter,

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Settlement Agreement, including the definitions applicable to the Settlement Agreement, is incorporated by reference into this Order.

2. The terms and conditions of the proposed settlement between Plaintiffs and Defendant BMC West, LLC ("Defendant") appear to be fair, reasonable, and adequate as required by Federal Rule of Civil Procedure 23(e)(2) and the Private Attorneys General Act of 2004, California Labor Code Section 2699(l) ("PAGA").  The settlement is therefore preliminarily approved pending the Final Fairness and Approval Hearing as provided herein, and notice of the proposed settlement shall be distributed to the Class Members.

3. For the purposes of effectuating the settlement, the Class is conditionally certified for settlement purposes only, Plaintiffs are conditionally appointed as Class Representatives authorized to act on behalf of the Class, and Robert W. Skripko, Jr. of the Law Office of Robert W. Skripko, Jr., PC, Paul J. Denis and Ethan E. Rasi of Denis & Rasi, PC, Gregg A. Farley of the Law Offices of Gregg A. Farley and Sahag Majarian, II, of the Law Offices of Sahag Majarian (collectively, "Class Counsel") are conditionally appointed as

Class Counsel as required pursuant to Federal Rule of Civil Procedure 23(g), without prejudice to Defendant's right to contest class certification if the proposed settlement described in the Settlement Agreement is not fully implemented.

4.  The Court finds that (i) the proposed settlement resulted from arm's-length negotiations and was the result of a full-day mediation session before an impartial, respected and experienced mediator; (ii) the proposed settlement was concluded only after counsel for the parties had conducted adequate discovery and investigation; and (iii) the terms of the proposed settlement are sufficiently fair, reasonable and adequate to warrant sending the Notice to Class Members in the form attached as Exhibit A to the Settlement Agreement and holding a subsequent Final Fairness and Approval Hearing on the proposed settlement.

5.  The Final Fairness and Approval Hearing shall be held at 9:00 a.m. on October 15, 2018, in Courtroom 1 of the United States District Court for the Central District of California, located at 3470 Twelfth Street, Riverside, California 92501, to determine final approval of the settlement, including: (i) whether the Consolidated Action should be finally certified as a class action solely and exclusively for settlement purposes; (ii) whether the proposed settlement should be given final approval as fair, reasonable and adequate as required by Federal Rule of Civil Procedure 23(e)(2) and in the best interests of the Class Members; (iii) whether a final Judgment should be entered as required by the Settlement Agreement; (iv) the amount of the Incentive Payment to be paid to Plaintiffs for their services as Class Representatives to the Class; (v) the amount of the payment to the California Labor and Workforce Development Agency as part of the settlement of claims for civil penalties under PAGA; (vi) the amount of attorneys' fees, costs and expenses to

be paid to Class Counsel; (vii) the amount of fees and costs to be paid to the Administrator for administration of the settlement; and (viii) any other matter that may be relevant to the settlement. The Final Fairness and Approval Hearing is subject to continuation or adjournment by the Court without further notice.

6. The Court approves the form of the notice packet to be disseminated to the Class, consisting of the Notice to Class Members, Claim Form and Request for Exclusion Form attached as Exhibits A, B and C, respectively, to the Settlement Agreement.

7. The Court approves the appointment of Simpluris, Inc. as the Administrator to administer the settlement and disseminate the notice packet to the Class.

8. The Court finds that mailing of the Notice to Class Members as provided for in this Order and the Settlement Agreement constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the matters set forth therein to all persons entitled to receive notice, fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23, and fully and satisfactorily advises potential Class Members of their rights to object to or to exclude themselves from the proposed settlement.

9. This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (i) the proposed settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement; or (ii) the proposed settlement is terminated or does not become effective under the terms

//

//

of the Settlement Agreement for any other reason.

IT IS SO ORDERED.

DATED: May 23, 2018

_____
Hon. Jesus G. Bernal, U.S. District Judge