**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SERGIO GALICIA GONZALEZ, an individual, appearing on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BMC WEST, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.: 5:17-cv-00390-JGB (RAOx)<br>(Consolidated with Case No. 5:17-cv-00571-JGB (RAOx))<br><br>[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT DISMISSING ACTIONS WITH PREJUDICE<br><br>Date: November 19, 2018<br>Time: 9:00 a.m.<br>Ctrm: 1 |

ORDER GRANTING MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
AND JUDGMENT DISMISSING ACTIONS WITH
PREJUDICE - 1

## FINAL APPROVAL ORDER AND JUDGMENT
## DISMISSING ACTIONS WITH PREJUDICE

Pursuant to Rules 23(e) and 54 of the Federal Rules of Civil Procedure, Plaintiffs Sergio Galicia Gonzalez, Ernesto Jimenez, Luis Pimentel, Jorge Garcia, Miguel Martinez and Agustin Aguilar ("Plaintiffs" or "Class Representatives") seek an order and judgment granting final approval to the class action settlement ("Settlement") of the above-captioned Consolidated Action in accordance with the terms of the Joint Stipulation of Class Action Settlement and Release ("Joint Stipulation" or "Settlement Agreement") between Plaintiffs and Defendant BMC West, LLC ("Defendant"). Having previously granted preliminary approval of the Settlement on May 23, 2018, having previously directed the notice of the Settlement to be given to the Class (as defined below), and having read and considered Plaintiffs' Motion for Final Approval of the Class Action Settlement,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Settlement, including the definitions applicable to the Settlement set forth in the Settlement Agreement, is incorporated by reference into this Order of Final Approval and Judgment Dismissing Actions with Prejudice.

2. The Court finds that the Notice to Class Members, which was given to the Class via U.S. mail as previously ordered by the Court, described or set forth the terms of the Settlement, the date of the final Fairness Hearing, the manner in which Class Members could object to, participate in or exclude themselves from the Settlement, and the other matters required by Rule 23(c)(2)(B)(i)-(vii). The Court finds that the Notice to Class Members was the best notice practicable under the circumstances and complies with due process and Rules 23(c)(2)(B) and 23(e)(1) of the Federal Rules of Civil Procedure.

The Court further finds that a full and fair opportunity has been afforded to all Class Members to participate in the proceedings convened to determine whether the proposed Settlement should be given final approval. Accordingly, the Court hereby determines that all Settlement Class Members who did not timely exclude themselves are bound by this Order of Final Approval and Judgment Dismissing Actions with Prejudice.

3. The Court finds that the terms and conditions of the Settlement are fair, reasonable, and adequate, as required by Federal Rule of Civil Procedure 23(e)(2) and the Private Attorneys General Act of 2004, California Labor Code Section 2699(l) ("PAGA"), and is the product of good faith, arm's length negotiations between the Parties. Accordingly, the Court hereby finally and unconditionally approves the Settlement, and, specifically, the Court hereby:

a. certifies under Rule 23 of the Federal Rules of Civil Procedure and for settlement purposes only the following Class defined as consisting of present and former employees employed by Defendant and/or the Released Person (as defined in the Settlement Agreement) in a non-exempt position in California at any time from November 29, 2012 to January 17, 2018;

b. approves the Gross Settlement Amount under the Settlement of Four Million, Five Hundred Fifty Thousand U.S. Dollars ($4,550,000.00) as fair, reasonable and adequate;

c. orders and directs Defendant to deposit with the Administrator, by the date set forth in the Settlement Agreement, the amount or amounts required by Section 9.1 of the Settlement Agreement;

d. approves and directs the payment to each Class Representative, by the date set forth in the Settlement Agreement, of an Incentive Payment in the amount of Ten Thousand U.S. Dollars ($10,000.00) for a total of Sixty Thousand U.S. Dollars ($60,000.00) in Incentive Payments;

 e. approves and directs the payment to Class Counsel collectively, by the date set forth in the Settlement Agreement, of Seven Hundred Thirty-Nine Thousand, Five Hundred Thirty-Eight U.S. Dollars and Fifty Cents ($739,538.50) in attorneys' fees, with such fees to be distributed in accordance with Plaintiffs' fee sharing agreements with Class Counsel, which were disclosed to the Court;

 f. approves and directs the payment to Class Counsel collectively, by the date set forth in the Settlement Agreement, of Twenty-One Thousand Four Hundred Eighty-Seven U.S. Dollars and One Cent ($21,487.01) in litigation costs and expenses;

 g. approves and directs the payment to Simpluris, Inc. as Administrator of the Settlement, by the date set forth in the Settlement Agreement, of Ninety-Nine Thousand Seven Hundred Eighty-Two U.S. Dollars ($99,782.00) as the fees and costs of settlement administration;

 h. approves and directs the payment to the California Labor and Workforce Development Agency, by the date set forth in the Settlement Agreement, of Fifteen Thousand U.S. Dollars ($15,000.00) representing its seventy-five percent (75%) share of the recovery of civil penalties under the Settlement attributable to the California Labor Code Private Attorneys General Act of 2004, Labor Code Section 2698 *et seq.*;

 i. approves and directs distribution of individual Settlement Payments, by the date set forth in the Settlement Agreement, to Valid Claimants as determined by the Administrator in accordance with the terms of the Settlement and the Settlement Agreement; and

 j. confirms the previous appointment of (i) Plaintiffs as Class Representatives, (ii) Robert W. Skripko, Jr. of the Law Office of Robert W. Skripko, Jr., PC, Paul J. Denis and Ethan E. Rasi of Denis & Rasi, PC, Gregg A. Farley of the Law Offices of Gregg A. Farley and Sahag Majarian, II, of the

ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT DISMISSING ACTIONS WITH PREJUDICE - 4

Law Offices of Sahag Majarian as Class Counsel, and (iii) Simpluris, Inc. as Administrator.

4. The Court further orders that, upon the Effective Date and upon Defendant's compliance with its obligation to deposit the amounts described in the first sentence of Section 9.1 of the Settlement Agreement, the Class Representatives and every Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished and discharged all Released Claims against the Released Persons subject to the following definitions:

a. "Released Claims" mean and includes known allegations and claims and Unknown Claims and allegations asserted in the Operative Complaints and any and all known and Unknown Claims and allegations that could have been asserted in the Operative Complaints based upon the facts pleaded in the Operative Complaints, including any and all claims and allegations for (1) failure to pay all wages during employment including, without limitation, all minimum wages, piece rate wages, all wages earned for productive and non-productive time worked, overtime and double time premium wages, incentive pay, bonuses, and all other wages earned for all hours worked (including, but not limited to, any and all claims for unpaid wages due to rounding practices and policies, auto-deductions, and/or off the clock work, and/or any and all claims arising out of California Labor Code §§ 201, 201.3, 202, 204, 226.2, 510, 558, 1194, 1197 and 1199 and the applicable Wages Order(s) associated with the failure to pay all wages during employment); (2) failure to provide compliant meal periods and rest breaks or compensation in lieu thereof (including any and all claims relating in any way to meal periods, rest breaks and/or rest and recovery periods including, but not limited to, all claims arising under California Labor Code §§ 226.7 and 512
ORDER GRANTING MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
AND JUDGMENT DISMISSING ACTIONS WITH
PREJUDICE - 5

and the applicable Wage Order(s) associated with failure to provide compliant meal periods and rest breaks or compensation in lieu thereof); (3) failure to timely pay all wages due during employment and/or upon termination or resignations (including any and all claims relating in any way to the alleged failure to pay, and failure to timely pay, all wages due during employment and upon termination or resignation including, but not limited to, all claims arising under California Labor Code §§ 201, 202, 203, 204, 510, 558, 1194, 1197, and 1199); (4) failure to provide accurate itemized wage statements (including any and all claims relating in any way to itemized wage statements including, but not limited to, all claims arising under California Labor Code §§ 226, 226.2, 226.3, 1174, 1175 and 1199); (5) failure to reimburse employees for all work-related or other business expenses (including any and all claims relating in any way to unreimbursed business expenses including, but not limited to, all claims arising under California Labor Code § 2802); (6) unfair, unlawful and/or fraudulent business practices in violation of Business and Professions Code § 17200, et seq. associated with the known allegations and claims and Unknown Claims and allegations (defined in the Settlement Agreement) asserted in the Operative Complaints and any and all known and Unknown Claims and allegations that could have been asserted in the Operative Complaints based upon the facts pleaded in the Operative Complaints; (7) violations of the Private Attorneys' General Act of 2004 associated with the known allegations and claims and Unknown Claims and allegations (defined in the Settlement Agreement) asserted in the Operative Complaints and any and all known and Unknown Claims and allegations that could have been asserted in the Operative Complaints based upon the facts pleaded in the Operative Complaints; (8) failure to comply with Labor Code § 206.5; (9) failure to comply with Labor Code § 212; (10) failure to comply with Labor Code §

226.2; (11) failure to provide or update compliant Wage Theft Protection Act notices, (12) all claims for penalties, interest and/or attorneys' fees under the California Labor Code, the applicable Wage Order(s), or otherwise associated with the known allegations and claims and Unknown Claims and allegations (defined in the Settlement Agreement) asserted in the Operative Complaints and any and all known and Unknown Claims and allegations that could have been asserted in the Operative Complaints based upon the facts pleaded in the Operative Complaints; and (13) all other claims associated with the known allegations and claims and Unknown Claims and allegations (defined in the Settlement Agreement) asserted in the Operative Complaints and any and all known and Unknown Claims and allegations that could have been asserted in the Operative Complaints based upon the facts pleaded in the Operative Complaints that are or may be based upon a federal or California statute, ordinance, regulation, common law, or other source of law, whether such claims are in the nature of wages, compensation, overtime pay, meal or rest period premiums, penalties, liquidated damages, interest, attorneys' fees (including claims for attorneys' fees under California Labor Code §§ 218.5 and 1194, PAGA and Code of Civil Procedure § 1021.5), costs, or expenses, and whether such claims sound in contract or tort, or pursuant to a statute, Wage Order(s), and/or implementing regulation and interpretative guidance, court rulings and the like; known and Unknown Claims and allegations for injunctive relief, restitution, conversion, fraudulent business practices or punitive damages alleged or that could have been alleged under the facts pleaded in the Operative Complaints; and known and Unknown Claims and allegations for penalties and liquidated damages that arise out of the wage, hour and payroll practices alleged or that could have been alleged under the facts pleaded in the Operative Complaints, including but not limited to, all claims under the

California Labor Code, the California Private Attorney General Act of 2004, the applicable Wage Order, and/or, for Valid Claimants only, federal law, including the Fair Labor Standards Act.

      b. "Unknown Claims" means any claim that arises out of the wage and hour and payroll practices alleged or that could have been alleged under the facts plead in the Operative Complaint, which the Class Representatives and any Settlement Class Member does not know or suspect to exist in his or her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with and release of the Released Persons, or might have affected his or her decision whether or not to object to the settlement reflected in this Joint Stipulation. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date and upon Defendant's compliance with its obligation to deposit the amounts described in the first sentence of Section 9.1 of the Settlement Agreement, the Class Representatives and each Settlement Class Member shall be deemed to have, and by operation of the order granting Final Approval of the settlement and the issuance and entry of the Judgment, expressly waived, released and relinquished, the Released Claims and, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542 with regard to the Released Claims. Section 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Class Representatives and each Settlement Class Member, upon the Effective Date and upon Defendant's compliance with its obligation to deposit the amounts described in the first sentence of Section 9.1 of the Settlement

Agreement shall be deemed to have, and by operation of the Judgment shall have, waived any and all provisions, rights and benefits conferred by any law of the United States, or any state or territory of the United States, or principle of common law that is similar, comparable or equivalent to California Civil Code § 1542 relative to the Released Claims. The Class Representatives and each Settlement Class Member may hereafter discover facts in addition to or different from those which he or she knows or believes to be true with respect to the subject matter of the Released Claims, but the Class Representatives and each Settlement Class Member, upon the Effective Date, shall be deemed to have forever settled, waived and released any and all Released Claims, known or unknown, suspected or unsuspected, foreseen or unforeseen, contingent or non-contingent, whether or not concealed or hidden and whether or not heretofore asserted, that now exist or heretofore have existed or any hereafter claim to exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any contractual or other legal duty or agreement, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

    c. "Released Persons" means Defendant BMC West LLC and each of its Related Parties.

    d. "Related Parties" means each Person's past, present or future direct or indirect parent, subsidiary and affiliated corporations and entities, and each of their respective past and present officers, directors, employees, partners, members, principals, agents, underwriters, issuers, insurers, co-insurers, reinsurers, shareholders, any entity in which a Person has a controlling interest, advisors, personal or legal representatives, clients, predecessors, successors, parents, joint ventures, assigns, spouses, domestic

partners, heirs, executors, trustees, beneficiaries, associates, affiliated entities (including, without limitation, all corporations, general and limited partnerships, limited liability partnerships, limited liability companies or any other business entities or associations or organization and all departments and divisions thereof), and all members of a natural Person's immediate family (including spouses and domestic partners), any trust of which any Person is the settlor or which is for the benefit of any Person and/or member(s) of his or her family, and any estate of a Person. Without limiting the generality of the foregoing, and for purposes of effectuating a full and complete release, Defendant BMC West LLC's Related Parties include but are not limited to the following: BMC West, LLC and its past, present and future, direct or indirect, parent, subsidiary, brother/sister and/or affiliated corporations, entities, divisions and sectors, and each of their respective predecessors, successors, affiliates and assigns, including Stock Building Supply of California, Inc., Stock Building Supply West, Inc., Stock Building Supply West, LLC, Stock Building Supply (USA), Inc., BMC Stock Holdings, Inc., BMC West Corporation, BMC Select, SelectBuild Construction, Inc., SelectBuild Northern California, Inc., SelectBuild Southern California, Inc., C Construction, Inc., TWF Construction, Inc., H.N.R. Framing Systems, Inc., Building Materials Construction Services, Inc., Building Materials Holding Corporation, and each of their Related Parties.

5. Neither this Order of Final Approval and Judgment Dismissing Actions with Prejudice, nor the Parties' Settlement, the Settlement Agreement, or the Preliminary Approval Order shall constitute an admission by any of the Released Persons (defined above), including Defendant, of any liability or wrongdoing, nor does this Order of Final Approval and Judgment represent a finding as to the validity of any of the claims alleged in the Consolidated

Action or a finding of liability or wrongdoing by any of the Released Persons.

6. This Order of Final Approval and Judgment shall have *res judicata* effect and bar Plaintiff and each Class Member who did not timely exclude himself or herself from the Settlement or Class from bringing any claim, case or action asserting any "Released Claims" as defined in the Settlement Agreement.

7. This Court shall retain jurisdiction to enforce the terms of the Settlement and Settlement Agreement.

8. The Clerk of the Court shall enter Judgment in accordance with this Order of Final Approval and Judgment Dismissing Actions with Prejudice and the Consolidated Action and the separate Jimenez and Gonzalez Actions shall be, and hereby are, dismissed with prejudice (but the Court shall retain jurisdiction to enforce the terms of this Order of Final Approval and Judgment and the Parties' Settlement Agreement).

IT IS SO ORDERED.

DATED: 11-20-2018

Hon. Jesus G. Bernal, U.S. District Judge
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT DISMISSING ACTIONS WITH PREJUDICE - 11